128

KARAS ET AL., APPELLANTS, *v.* BROGAN ET AL., APPELLEES.

[Cite as Karas v. Brogan (1978), 55 Ohio St. 2d 128.]

(No. 77-1090—Decided July 19, 1978.)

*Scavdis*, for appellants Pete and Wanda Karas.

*Roger F. DiPaslo Co., L. P. A.*, and *Mr. Antonios C.*

*Messrs. Ford & Martell* and *Mr. Donald H. Martell,* for appellees Claude and Loretta Brogan.

*Messrs. Federico, Myers & Enz* and *Mr. Robert E. Schuerman,* for appellees Boyd and Joan Wallbrown.

*Per Curiam.* The rule that acceptance must meet and correspond with the offer in every respect in order for an offer and acceptance to constitute a contract ordinarily presents a question as to whether there is in fact a material variance between the acceptance and the offer rather than any issue as to what principle of contract law applies. *Burkhead* v. *Farlow* (1966), 266 N. C. 595, 146 S. E. 2d 802.

Here, the trial court found that the offer specifically promised a title "free and clear of all liens and encumbrances" and that the oil lease which the acceptor referred to in his acceptance did not involve a facial qualification of the acceptor's assent to the terms of the offer.

Since an oil lease is an encumbrance,* its removal or release would be required under the express language of such offer, and so the additional language cannot be the basis of a conclusion that the acceptance contained a fatal material variance.

Since the majority Court of Appeals opinion reversing the trial court decision turns purely upon the adverse of this proposition, its judgment is reversed.

*Judgment reversed.*

O'Neill, C. J., Herbert, Celebrezze, P. Brown, Sweeney and Locher, JJ., concur.

W. Brown, J., concurs in the judgment.

---

*See *Hale* v. *Plaine* (1863), 14 Ohio St. 417; *Tenbusch* v. *L. K. N. Realty Co.* (1958), 107 Ohio App. 133, 137 and the numerous authorities there cited. See, also, 20 American Jurisprudence 2d 653, Covenants, Conditions, and Restrictions, Section 89.