FOSTER, APPELLANT, *v.* OHIO STATE UNIVERSITY, APPELLEE.

(No. 87AP-76—Decided July 9, 1987.)

*Ronald B. Noga,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, *Steven Samuels* and *Mary Kirchner,* for appellee.

STRAUSBAUGH, P.J. This is an appeal by plaintiff from a summary judgment in the Court of Claims in favor of defendant and against plaintiff.

The record indicates that defendant, the Ohio State University, through Andrew Broekema, Dean of the Ohio State College of Arts, by letter dated May 3, 1983, offered plaintiff, Philip E. Foster, an eleven-month appointment as Chairperson and Associate Professor of the Department of History of Art at the Ohio State University beginning July 1, 1983. The letter concluded: "If the terms and conditions of this letter are acceptable to you, please sign the enclosed copy and return it to my office." Subsequently, Dean Broekema notified plaintiff by express mail dated May 25, 1983: "Unless an answer to letter of offer, dated May 3, 1983, is received in my office by Thursday, June 2, 1983, offer for position of Chairperson and Associate Professor, Department of History of Art at The Ohio State University, is withdrawn." The record further indicates that, on June 2, 1983, plaintiff telephoned Dean Broekema collect and left a message with his secretary that plaintiff accepted the position effective July 15, 1983. On June 7, 1983, defendant notified plaintiff that, since he had failed to accept in writing by June 2, the offer was revoked. On June 11, plaintiff signed the May 3 letter notifying defendant of his acceptance.

The Court of Claims thereafter granted defendant's motion for summary judgment finding that plaintiff's failure to accept in writing the terms of defendant's offer by June 2 barred his later acceptance on June 11. It is from this finding and judgment that plaintiff appeals setting forth the following single assignment of error:

"The lower court erred in failing to find that appellant's telephone acceptance of appellee's letter/offer of May 3, 1983, followed by a confirmatory writing delivered in a reasonable time, met all elements of appellee's offer and created an employment contract between the parties."

In support of his assignment of error, plaintiff argues first that there is no evidence to support a finding that plaintiff had to answer by June 2 or that the answer had to be in writing and, therefore, plaintiff had a reasonable time in which to respond. Second, even if the May 25 letter required a definite answer by June 2, there is no indication that the acceptance had to be in writing alone. Third, the question of whether the acceptance had sufficiently met an offer is a question of fact and as such the evidence shows that plaintiff accepted the offer as tendered. Fourth, to the extent that the Court of Claims relied upon time being the essence of the contract, there is no indication that defendant ever believed a timely answer was critical to the appointment of the position.

The terms of defendant's offer to plaintiff were set forth in the May 3, 1983 letter and established the precise manner and place of acceptance — that a copy of the letter be signed and the copy be returned to Dean Broekema's office. Subsequently, Dean Broekema imposed an additional requirement as to time, prescribing that plaintiff's acceptance be received by June 2, 1983. The time requirement did not modify or alter any previous specifications but merely put a time limit on the duration of the offer. An offer which is unsupported by consideration is subject to revocation at any time. 1 Williston on Contracts (3 Ed. 1957) 176-179, Section 55; *Franck* v. *Seavey Mfg. Co.* (1926), 21 Ohio App. 369, 4 Ohio Law Abs. 299, 153 N.E. 209. The offeror

can wholly terminate or limit the power and mode of acceptance. 1 Corbin on Contracts (1963) 157-166, Sections 38 and 39. When an acceptance to a contract for employment does not meet and correspond with the offer in every respect, no contract is usually formed. 1 Restatement of the Law 2d, Contracts (1981) 144, Section 58; *Schiff* v. *Schiff* (App. 1942), 36 Ohio Law Abs. 626, 632, 45 N.E. 2d 132, 136; see, also, *Karas* v. *Brogan* (1978), 55 Ohio St. 2d 128, 129, 9 O.O. 3d 107, 107-108, 378 N.E. 2d 470, 471.

Defendant's offer to plaintiff dated May 3, 1983 states that the position was to begin July 1, 1983. When plaintiff left his purported message of acceptance on June 2, 1983, he indicated July 15, 1983 as the desired date of commencement. A reply to an offer which purports to accept but is conditional on the offeror's assent to terms additional to or different from those offered is not an acceptance but is a counteroffer. 1 Restatement of the Law 2d, Contracts (1981) 145, Section 59. Plaintiff's telephonic purported acceptance of June 2, 1983 was therefore a counteroffer and not an unconditional acceptance which was rejected by Dean Broekema in his letter of June 7, 1983 and, therefore, no contract was created. The undisputed facts indicate that plaintiff simply failed to accept the terms of the offer and therefore no contract exists. Plaintiff's single assignment of error is overruled, and the judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

WHITESIDE and BOWMAN, JJ., concur.

WHITESIDE, J., concurring. Although I concur in the judgment, I do solely for the reason that the June 2, 1983 telephone "acceptance" by plaintiff constituted a counteroffer which was rejected by the June 7, 1983 response letter, the effect of which was to rescind the original offer making the subsequent attempted "acceptance" by plaintiff's signing the original letter offer on June 11, 1983, ineffectual since there was no outstanding offer to accept at that time.