OPINION
{¶ 1} Appellants, Jerry L. Richlak, et al. ("Richlaks"), appeal from the judgments of the Geauga County Court of Common Pleas. The court entered judgment entitling appellees, Metal Craft Docks Acquisition, Inc., n.k.a. Metal Craft Docks, et al. ("MCD"), to specific performance of an option contract to purchase real estate from the Richlaks.
 {¶ 2} Jerry Richlak worked for Metal Crafts Company ("MCC") for a number of years. He became the majority shareholder of MCC in 1976.
 {¶ 3} This case concerns certain property owned by the Richlaks. The property is 300, 305, and 306 Industrial Parkway in Chardon, Ohio. There are buildings on each of these properties. The 300 building and 306 building (collectively "parcel one") are the subject of the complaint for specific performance.
 {¶ 4} In 1991, several agreements were entered into between MCD and the Richlaks. The first agreement was for MCD to purchase the business from MCC. The second involved MCD leasing the real estate from the Richlaks. Another agreement was for the MCD to have an option to purchase the real property from the Richlaks at a later date. This last agreement is at issue in this case.
 {¶ 5} Prior to 1991, a sanitary lift station was constructed to service all three of the properties. The lift station is located on the 305 property.
 {¶ 6} In 1991, MCD entered into a five-year lease with the Richlaks for parcel one. In 1996, the lease was renewed for another five-year term running through February 2001.
 {¶ 7} In October 1998, MCD sent a letter to the Richlaks indicating its desire to exercise the option to purchase the real estate. The Richlaks objected then, as they do on appeal, that the option notice was conditional, in that it added additional terms to the option contract. The Richlaks refused to sell the property.
 {¶ 8} In February 1999, MCD and its president, David Bender, filed the current lawsuit naming the Richlaks, MCC, and a bank as defendants. All of the parties except the Richlaks and MCD have subsequently been dismissed.
 {¶ 9} The option agreement did not contain a purchase price but provided a means for one to be established. The Richlaks had parcel one appraised by the Devco Corp. at a value of $760,000. MCD had parcel one appraised by Paul Van Curan Co. at a value of $475,000 to $525,000. The option agreement provided that a discrepancy in appraised value would be settled by arbitration. However, the parties stipulated that Johnson Sherman would conduct an appraisal, and that value would be binding. The Johnson Sherman appraisal valued parcel one at $525,000. The fee for the Johnson Sherman appraisal was $24,981, and the court ordered that the parties split this cost.
 {¶ 10} The trial court divided the case into two parts, the first being the issue of whether specific performance is appropriate, the second being damages. The trial court issued two different entries on March 23, 2001. The trial court issued a two-page "judgment entry," as well as a five page "decision." The trial court references the "decision" in the "judgment entry."
 {¶ 11} The Richlaks appealed the March 23, 2001 judgment entry (2001-G-2351). The trial court did not include Civ.R. 54(B) language, that there is no just reason for delay, in this judgment entry. Accordingly, this judgment entry is not a final appealable order and, thus, not properly before this court.
 {¶ 12} The trial court's "decision" addresses the parties' arguments concerning specific performance. The trial court ruled that MCD is entitled to specific performance, and ordered MCD's counsel to prepare a proposed judgment entry embodying the court's "decision." In addition the "decision" contains the following language "[b]ecause the question of specific performance is distinct from the issue of damages, the Court believes that it is appropriate that the proposed Judgment Entry state that there is no just reason for delay per Civ.R. 54(B)." However, the decision, itself, does not contain Civ.R. 54(B) language and, thus, is not a final appealable order and is not properly before this court.
 {¶ 13} The trial court entered judgment in favor of MCD on June 4, 2001. This judgment entry set forth details of the specific performance, ordering the sale of the property to MCD, and contains Civ.R. 54(B) language. Therefore, the June 4, 2001 judgment entry is a final appealable order and is properly before this court. The Richlaks appealed this decision (2001-G-2368).
 {¶ 14} These cases have been consolidated on appeal. However, since Case No. 2001-G-2351 was not appealed from a final appealable order, that case is hereby dismissed. However, Case No. 2001-G-2368 was appealed from a final appealable order. Therefore, we will address the Richlaks' assignments of error only as they relate to the trial court's June 4, 2001 judgment entry regarding specific performance.
 {¶ 15} The Richlaks raise two assignments of error. Their first assignment of error is:
 {¶ 16} "The trial court erred in holding that plaintiff's conditional 1998 notice was effective to exercise an option to purchase real estate on October 15, 1998, and in granting specific performance requiring performance of the option agreement to sell real estate between the parties."
 {¶ 17} The standard of review in a case involving specific performance of contracts is whether the trial court abused its discretion.[1] "The term `abuse of discretion' connotes more than an error of law or judgement; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[2]
 {¶ 18} The Richlaks argue that the 1998 notice was conditional and, thus, not effective to invoke the option agreement. There were two additional terms that the Richlaks allege were conditional. The first concerned the involvement with the Ohio Environmental Protection Agency ("OEPA"). The second alleged condition was extensive damages. The trial court ruled that the "additional terms" were merely suggestions of how the parties could take care of certain legal issues that were inherent with the real estate transaction.
 {¶ 19} The OEPA section of MCD's option to purchase parcel one is titled "compliance with Ohio EPA is required." It then sets forth options of ways to comply with the OEPA regulations. The OEPA concerns in this transaction involved the lift station that serviced both parcels, and its subsequent ownership. The section dealing with damages was titled "review of parcel #1 buildings" and outlined certain items that MCD found in need of repair.
 {¶ 20} We agree with the trial court that the notice was unconditional and effectively invoked MCD's option to purchase parcel one.
 {¶ 21} The Richlaks cite Karas v. Brogan for their assertion that these clauses in the notice constitute a fatal variance to the option agreement.[3] The Tenth Appellate District noted that in Karas v.Brogan, the Supreme Court of Ohio cited Burkhead v. Farlow, to which the Tenth District then quoted:
 {¶ 22} "`It is uniformly held that to consummate a valid contract an acceptance must be unconditional and must not change, add to, or qualify the terms of the offer. *** It is also the general rule that the optionee's insertion in his acceptance of a condition which merely expresses that which "would be implied in fact or in law by the offer does not preclude the consummation of the contract, since such a condition involves no qualification of the acceptor's assent to the terms of the offer."'"[4]
 {¶ 23} The trial court found that the language of MCD's letter was not conditional but addressed matters that needed to be done for the transfer of real property. Therefore, the language of MCD's notice did not constitute a fatal variance. The decision of the trial court to grant specific performance to MCD did not constitute an abuse of discretion.
 {¶ 24} The Richlaks' first assignment of error is without merit.
 {¶ 25} The Richlaks' second assignment of error is:
 {¶ 26} "The trial court erred as a matter of law in entering judgments that (1) stripped the defendant-appellants of their right to collect reasonable rent for use and occupation of their property and (2) ordered specific performance of an option agreement withholding proceeds of the sale to defendant-appellants constituting a pre-judgment attachment before the `closing date' without prior notice and an opportunity to be heard."
 {¶ 27} The Richlaks argue that the trial court's granting specific performance in favor of MCD was a taking without just compensation and violated their due process rights. They assert that the trial court gave MCD the right to possession of the property and did not allow the Richlaks the right to collect rent. Further, they claim that they have not been compensated from the sale of the property, because the money is still being held in an escrow account.
 {¶ 28} Prior to addressing the merits of the Richlaks' second assignment of error, it is important to address some procedural matters. Part of the Richlaks' argument in this assignment of error concerns the issue of rent on the property. The trial court's judgment regarding the rent issue is not properly before this court because it was only addressed in the March 23, 2001 judgment entry, which is not a final appealable order. The specific performance issue is properly before the court, because it was addressed in the June 4, 2001 judgment entry, which is a final appealable order due to the inclusion of the Civ.R. 54(B) language.
 {¶ 29} We will only address the rent issue in the limited scope that it pertains to the Richlaks' assertion that the trial court's order of specific performance was an unjust taking. Our analysis of the rent issue in this opinion is limited solely to the specific performance argument herein. To the extent, if any, that our analysis on this topic should be inconsistent with a subsequent trial court order, including an order concerning damages, the trial court's order will be binding.
 {¶ 30} Specific performance is an attempt to place the parties to a real estate transaction in the positions they would have been in had the transaction been performed according to the agreement.[5] That is what the trial court did in this case. The court gave MCD the right to possession of the property. The court ordered the purchase price be deposited in an escrow account pending the court's decision regarding damages.
 {¶ 31} The trial court was enforcing, through specific performance, a binding contract between the Richlaks and MCD. MCD had actually been in physical possession of the building for years, under the lease between the parties. Had the parties exercised the option contract without the court's intervention, MCD would have owned the property in March 2001. By granting specific performance, the trial court was attempting to put the parties in the position they would have been in had the contract not been contested, with MCD owning the property and the Richlaks having the proceeds from the sale. In such instance, the Richlaks would not be entitled to rent payments from MCD, because MCD would own the property.
 {¶ 32} There was no "taking" by the trial court, because the Richlaks entered into a contract and the court was merely enforcing the terms of the contract. Finally, the Richlaks were to receive approximately $500,000 in compensation from the sale of the property. The reason the money was being held in escrow was due to the trial court's decision to address the merits of the specific performance claim and the amount of damages in a bifurcated fashion. Although the money was not immediately conveyed to the Richlaks, this does not transform the trial court's actions into an unconstitutional taking.
 {¶ 33} Through specific performance, the trial court was attempting to place the parties in the position they would have been in had the contract been executed. The trial court realized that commercial real estate transactions can be very complex. In an attempt to efficiently address the merits of this case, the trial court decided to separate the case into two distinct issues, the issue of specific performance and the issue of damages. The result of this action was that equitable ownership of parcel one was delivered to MCD before the purchase price was delivered directly to the Richlaks. However, based on the facts of this case and the numerous issues before the trial court, the trial court did not abuse its discretion.
 {¶ 34} The Richlaks did not immediately receive compensation from the sale. However, there are two legitimate reasons for this delay. First, a commercial real estate transaction can be very complex. The court recognized this, ordering both the title and the purchase money be placed in escrow. The second reason is that the trial court chose to address the merits of the case in a bifurcated fashion, first ruling on the specific performance claim, then deciding the issue of damages. An escrow account was a very reasonable means to accomplish the court's objectives, and was the means contemplated by the option agreement itself.
 {¶ 35} The Richlaks also argue that the judgment allowing MCD to possess the property was a pre-judgment attachment and assert that the procedural and constitutional safeguards set forth in Peebles v. Clement
must be met.[6] We do not agree. The trial court separated the case into two distinct parts, the first being the issue of specific performance, the second being damages. In addition, R.C. 2715, the statute covering pre-judgment attachment, applies to civil cases for the recovery of money.[7] In the case sub judice, MCD sought specific performance of a contract.
 {¶ 36} The Richlaks contend that, since a hearing was scheduled to determine damages in December 2001, the court's June 2001 judgment entry was actually a "pre-judgment" order. Again, we disagree. The trial court split the case into the two distinct parts. The judgment regarding specific performance was final. However, since the issue of damages had not been determined, the case was still before the trial court. The June 4, 2001 judgment entry contained Civ.R. 54(B) language. The inclusion of the Civ.R. 54(B) language permitted the issues addressed in the judgment entry to be appealed to this court. The language of the June 4, 2001 judgment entry clearly indicates that it was not a "pre-judgment" attachment but, rather, a final judgment regarding the issue of specific performance.
 {¶ 37} The Richlaks' second assignment of error is also without merit.
 {¶ 38} Case No. 2001-G-2351 is dismissed. The judgment of the trial court in case No. 2001-G-2368 is affirmed.
DONALD R. FORD and ROBERT A. NADER, JJ., concur.
[1] Sandusky Properties v. Aveni (1984), 15 Ohio St.3d 273, 275.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[3] Karas v. Brogan (1978), 55 Ohio St.2d 128.
[4] (Internal Citations omitted.) Terbeek v. Mazza (May 25, 1982), 10th Dist. No. 81AP-484, 1982 Ohio App. LEXIS 12564, at *3-4, quotingBurkhead v. Farlow (1966), 266 N.C. 595.
[5] Sandusky v. Aveni, 15 Ohio St.3d at 278.
[6] Peebles v. Clement (1980), 63 Ohio St.2d 314.
[7] R.C. 2715.01.