OPINION
{¶ 1} Defendant-appellants, Steven B. Plumb and Joseph E. DaPore, appeal the judgment of the Court of Common Pleas of Allen County ordering that the Ohio Bureau of Workers' Compensation (hereinafter, "BWC") is entitled to judgment in the amount of $17,552.71.
 {¶ 2} This case originated in January of 1999 when Steven B. Plumb ("Plumb"), while working for an unidentified employer, suffered serious bodily injury when he was struck by a semi-truck owned by Orbit Transportation, Inc. ("Orbit"). Subsequent to sustaining these injuries, Plumb sought and received benefits and compensation from the BWC. In addition, Plumb also filed a personal injury law suit against the alleged tortfeasor, Orbit. In turn, the BWC joined Plumb's suit as a party plaintiff and made a claim of subrogation based upon R.C. 4123.931, discussed infra, for payments it made toward Plumb's medical bills.
 {¶ 3} Following the BWC filing its claim for subrogation, it is conceded by all parties that, Plumb, on June 22, 2001, by and through his attorney, Joseph E. DaPore ("DaPore"), mailed a settlement offer to James E. Swaim ("Swaim"), the BWC's representative and legal counsel in the matter herein. In the June 22, 2001 correspondence, Plumb specifically offered to pay the BWC $17,552.21 "as payment in full" in consideration for the BWC dismissing its subrogation claim. The settlement offer and correspondence also contained a check made out to the "Administrator of the BWC" in the amount of $17,552.71 and an "entry of dismissal with prejudice," which was signed by DaPore prior to being mailed to Swaim. It has further been stipulated by the parties that Swaim received the settlement offer on June 25, 2001.
 {¶ 4} The June 22, 2001 settlement offer expressly instructed Swaim that "[i]f this payment is acceptable please sign the enclosed entry [of dismissal] and forward it to Atty. Stephen A. Bailey."[1] Emphasis added. As discussed in greater detail infra, Swaim purportedly accepted Plumb's offer on the same day it was received.
 {¶ 5} However, before Swaim's alleged acceptance came to fruition, DaPore, on July 28, 2001, sent a letter to Swaim informing Swaim that the settlement offer was revoked and that payment on the $17, 552.21 check had been stopped. DaPore's attempted revocation of the settlement offer was based upon the Supreme Court of Ohio's decision in Holeton v. CrouseCartage Co., 92 Ohio St.3d 115, 2001-Ohio-109 announced on June 27,2001, in which the Court held that the BWC's right of subrogation under R.C. 4123.931 was unconstitutional.
 {¶ 6} In response to DaPore's attempted revocation, Swaim, on behalf of the BWC, on September 19, 2001, filed a civil complaint against both Plumb and DaPore (hereinafter, referred to collectively as "appellants"), alleging that they had breached the settlement agreement which, as asserted by Swaim, had become a binding contract on June 25, 2001.
 {¶ 7} Following several continuances, appellants, on December 11, 2002, moved for summary judgment seeking dismissal of the BWC's complaint for breach of contract. On April 2, 2003, the trial court ruled that because the entry of dismissal was not actually filed until June 28, 2001, one day after the Court's decision in Holeton, there was no consideration to support a contract and, therefore, granted summary judgment in favor of appellants and dismissed the BWC's complaint. The BWC, thereafter, appealed the April 2, 2003 judgment of the trial court to this court in State of Ohio Bureau of Workers' Compensation v. Plumbet al., 3d Dist. No. 1-03-27, 2003-Ohio-5290 (hereinafter referred to as "Plumb I").
 {¶ 8} In Plumb I, we held that settlement contracts entered into by the BWC prior to June 27, 2001, remained valid and enforceable despite R.C. 4123.931 being found unconstitutional by Holeton, supra. Plumb,2003-Ohio-5290, at ¶ 12, citing Middletown v. Ferguson (1986),25 Ohio St.3d 71, 80. However, because genuine issues of material fact remained regarding the time at which the BWC accepted appellants' settlement offer, we reversed the trial court's order of summary judgment and specifically remanded the matter to determine "when, if ever, a contract was formed between the BWC and Plumb," and if so, "the exact time" Swaim "signed and mailed" the entry of dismissal. See Id., at ¶ 14 and ¶ 19.
 {¶ 9} On remand, appellants ultimately withdrew their motion for summary judgment, and the matter proceeded to bench trial. The bench trial was held on February 6 and March 4, 2004, in which both parties presented evidence, and the case was determined upon its merits.
 {¶ 10} During the course of the proceedings, Swaim presented evidence that he had accepted appellants' offer on June 25, 2001, by signing the entry of dismissal and forwarding a copy of it to Bailey. Conversely, appellants argued that Swaim's attempted acceptance did not occur until sometime on June 27, 2001, after the Supreme Court Ohio's decision inHoleton, supra, and further asserted that Swaim varied from the form of acceptance required by their June 22, 2001 offer, provided supra, and therefore, no enforceable contract had been formed between the parties.
 {¶ 11} Following the two day bench trial, the trial court found that Swaim "varied" from the terms of the offer by forwarding a copy of the signed entry of dismissal to Bailey on June 25, 2001, as opposed to "forwarding it" (the original) to Bailey as requested by the settlement offer. The trial court, however, also went onto find that appellants' failed to present any evidence that Swaim's variance was "material" to the formation of the contract, or that Swaim's variance in acceptance, in anyway "deprived" appellants of their "expected benefit" from the contract, i.e., settlement of the BWC's subrogation claim. Accordingly, the trial court held that a valid and enforceable contract had been formed between the parties on June 25, 2001, prior to the Ohio Supreme Court's decision in Holeton, supra, and entered judgment in favor of the BWC in the amount of $17,552.71, plus interest at 10% from June 25, 2001.
 {¶ 12} It is from this decision and order which appellants now appeal and set forth a single assignment of error for our review.[2]
 ASSIGNMENT OF ERROR NO. I The trial court erred in upholding the formation of a unilateralcontract where the offeree failed to perform the offer requirements.(Dec. J.E., No. 31).
 {¶ 13} In this assignment of error, appellants assert that Swaim had not properly accepted the June 22, 2001 settlement offer, and, therefore, no contract had been formed between the parties. Specifically, appellants maintain that because the trial court found that Swaim had "varied" from the specific form of acceptance expressly stated in the settlement offer, the trial court was required to find that Swaim's variance in acceptance could not, as a matter of law, result in the formation of a valid and enforceable contract.
 {¶ 14} Accepting the trial court's finding of fact that Swaim had "varied" from the form of acceptance requested in appellants' settlement offer, the issue to be determined on appeal, then, is whether Swaim's variance amounted to nonacceptance of appellants' offer, thereby, resulting in the failure of a valid contract being formed between the parties herein.
 {¶ 15} The construction or interpretation of a contract is a matter of law to be resolved by the court. Questions of law are reviewed by appellate courts de novo. Dehlendorf Co. v. Jefferson Twp., 10th Dist. No. 02AP-334, 2003-Ohio-1641, at ¶ 18; citing Lovewell v. PhysiciansIns. Co. of Ohio (1997), 79 Ohio St.3d 143, 144. For the reasons that follow, we find appellants' assignment of error not well taken.
 {¶ 16} Despite appellants' assertion that Swaim's acceptance of appellants' offer could not have, as a matter of law, contained anyvariance from the terms of acceptance provided by the written offer, this court has previously held that a nonmaterial variance in acceptance may constitute valid acceptance of an offer.[3]
 {¶ 17} In the case sub judice, the trial court was presented with the following evidence: (a) Swaim, by way of a telephone conversation with Bailey on June 25, 2001, received verbal authorization from Bailey for Swaim to sign the entry of dismissal on behalf of Bailey;[4] (b) on June 25, 2001, Swaim had his secretary, Deborah McCauley, mail a copy of the entry of dismissal to Bailey and a letter to DaPore confirming the BWC's acceptance of the settlement offer; (c) testimony from McCauley that she, in fact, mailed said letters to Bailey and DaPore on June 25, 2001; and finally, (d) on June 28, 2001, prior to receiving Dapore's letter containing the notice of revocation, Swaim filed the signed entry of dismissal in the Common Pleas Court of Allen County, mailed a copy of the file stamped entry of dismissal to DaPore, and attempted to present the settlement check for deposit.
 {¶ 18} Upon the evidence and the record contained herein, we find that Swaim's variance in acceptance was immaterial to the formation of the contract as contemplated by appellants. Had Swaim forwarded the original entry of dismissal, as opposed to a copy, to Bailey on June 25, 2001, appellants would not have any legal theory upon which to assert that Swaim had not accepted appellants' settlement offer. The fact that Swaim received verbal authorization to sign the entry for, and in place of, Bailey further minimizes the materiality of Swaim's minor variance. Additionally, Swaim mailed a letter of acceptance to DaPore on June 25, 2001, three days prior to DaPore's attempt to revoke the settlement offer.
 {¶ 19} Based upon the preceding, we find that, as applied to the facts of the case herein, the variance in Swaim's acceptance was not material to the formation of the contract contemplated by appellants. We, therefore, cannot find that the trial court erred in holding that an enforceable contract had been formed between appellants and the BWC on June 25, 2001. Accordingly, Plumb's sole assignment of error is overruled.
 {¶ 20} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Shaw and Bryant, J.J., concur.
[1] Stephan A. Bailey was the attorney representing Orbit regarding Plumb's personal injury suit against Orbit.
[2] In this appeal, appellants do not dispute the trial court's finding that the date on which Swaim purportedly accepted the settlement offer was June 25, 2001. Accordingly, the Supreme Court of Ohio's decision inHoleton, supra, on June 27, 2001, is inapplicable to the determination of whether a valid and enforceable contract was entered into between the parties herein.
[3] See Plumb, 2003-Ohio-5290, at ¶ 18; citing, Goldfarb v. The RobbReport, Inc. (1991), 77 Ohio App.3d 362, 368, citing Karas v. Brogan
(1978), 55 Ohio St.2d 128, 129, Foster v. Ohio State Univ. (1987),41 Ohio App.3d 86, 88.
[4] Swaim's affidavit was attached to the BWC's "response" to appellant's motion for summary judgment. We note, however, that neither the BWC nor appellants called either Swaim or Bailey to testify during the February 6 and March 4, 2004 bench trial.