[Cite as *Fry v. FCA US L.L.C.*, 2017-Ohio-7005.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Jason Fry                                    Court of Appeals No. L-16-1230

     Appellant                               Trial Court No. CI0201504812

v.

FCA US LLC, et al.                       **DECISION AND JUDGMENT**

     Appellees                               Decided:  July 28, 2017

* * * * *

Sean H. Sobel, for appellant.

Heidi N. Hartman, for appellees.

* * * * *

**JENSEN, P.J.**

## I.  Introduction

**{¶ 1}** This is an appeal from the judgment of the Lucas County Court of Common Pleas, granting appellees', FCA US LLC ("Chrysler") and Sarah Bento, motion for summary judgment based upon its determination that appellant's, Jason Fry, claims were untimely filed.  Finding no error, we affirm.

## A. Facts and Procedural Background

{¶ 2} Appellant commenced this action upon the filing of a "Complaint for Injunctive Relief and Damages" with the trial court on November 17, 2015. In his complaint, appellant alleged that he is legally blind. Appellant applied to work at Chrysler at its Toledo Assembly Complex in the spring of 2014. According to the complaint, appellant was given an initial phone screening on April 29, 2014. On May 23, 2014, appellant traveled to Chrysler's premises for an onsite assessment, where he completed various tests over the course of several hours. Ultimately, appellant was offered a position with Chrysler on May 27, 2014.

{¶ 3} On May 28, 2014, appellant underwent a physical examination at the Toledo Assembly Complex. Due to his vision impairment, Chrysler's physician concluded that appellant could not operate forklifts or company vehicles. No other limitations were indicated.

{¶ 4} Approximately nine months later, Chrysler contacted appellant to inform him that his employment would commence on February 18, 2015. According to his complaint, appellant worked without incident for two days. However, on February 20, 2015, appellant was "removed from safety training due to what Bento, Chrysler's [Human Resources] Representative, called a 'question about [his] physical.'" Bento terminated appellant's employment one hour later, informing appellant that Chrysler was unable to accommodate his vision impairment.

2.

**{¶ 5}** Asserting that Chrysler's stated reason for termination was merely pretextual, appellant filed the aforementioned complaint, asserting claims for disability discrimination, wrongful termination, failure to provide a reasonable accommodation, and intentional infliction of emotional distress.

**{¶ 6}** Appellees responded to appellant's complaint on January 15, 2016, by filing a motion to dismiss the action. In their motion, appellees argued that the action was untimely filed based upon a provision within appellant's application for employment, which states:

> In consideration of the review of my application:
>
> * * *
>
> 7. I agree that any lawsuit arising out of my employment with, or my application for employment with, Chrysler Group LLC1 or any of its subsidiaries and affiliates must be filed no more than 180 days after the date of the employment action that is the subject of the lawsuit. While I understand that the statute of limitations for claims arising out of an employment action may be longer than 180 days, I agree to be bound by the 180 day period of limitations and I WAIVE ANY STATUTE OF LIMITATIONS TO THE CONTRARY.

---

[1] FCA US LLC was formerly known as Chrysler Group LLC.

3.

According to appellees' answer, appellant typed his first and last name and authorized the use of his electronic signature to execute the application for employment.

{¶ 7} Because appellant's employment was terminated on February 20, 2015, and appellant did not file his complaint until almost nine months later on November 17, 2015, appellees contended that appellant's claims were untimely under the 180-day limitations period to which appellant agreed.

{¶ 8} On February 3, 2016, appellant filed a memorandum in opposition to appellees' motion to dismiss. In his memorandum, appellant argued that he was not contractually bound to the limitations period set forth in his application for employment, because appellees' promise to review his application did not constitute sufficient consideration to form a contract. Appellant also argued that there was no meeting of the minds with Chrysler because he had no reasonable opportunity to consider or negotiate the terms of the contract, which was allegedly "thrust upon" him. Further, appellant contended that he did not fully understand the terms of the limitations provision prior to agreeing to be bound by it.

{¶ 9} On April 12, 2016, the trial court issued an order converting appellees' motion to dismiss into a motion for summary judgment. Consequently, the trial court granted appellant additional time to offer evidence and arguments in response to appellees' motion.

{¶ 10} Appellant filed his subsequent memorandum in opposition to appellees' motion for summary judgment on May 6, 2016, in which appellant essentially advanced

4.

the same arguments as he had previously raised prior to the trial court's conversion of the motion to dismiss. Along with his memorandum in opposition to appellees' motion for summary judgment, appellant attached a "Declaration of Jason Fry Pursuant to 28 U.S.C. § 1746." In his declaration, appellant asserted that he is legally blind. Appellant also asserted that he was not given an opportunity to speak with Chrysler officials about the terms of the application for employment or to alter its terms. Further, appellant contended that he was not allowed to print a copy of the application with larger print so that he could read the fine print. At the end of the declaration, appellant stated: "I DECLARE, CERTIFY, VERIFY pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct."

{¶ 11} Appellees responded to appellant's memorandum by the filing of a reply on May 26, 2016. In their reply, appellees argued that unsworn written statements such as appellant's declaration could not be substituted for sworn affidavits under Ohio law. As such, appellees insisted that the trial court could not consider appellant's declaration as evidence to support his arguments in opposition to summary judgment. Further, appellees argued that the limitations provision was supported by adequate consideration in the form of Chrysler's promise to review appellant's application. Moreover, appellees contended that the limitations period provision was not unconscionable merely because appellant failed to ascertain the terms of the contract before he signed it. In support of their argument, appellees cited the following language from the acknowledgement page

5.

of the application for employment: "I have read and understand the statements contained in this application and certify that they are true."

{¶ 12} Upon consideration of the parties' arguments, the trial court issued its decision on the motion for summary judgment on September 14, 2016. In its decision, the trial court found that appellant's unsworn declaration could not serve as an affidavit under Ohio law, and therefore did not constitute Civ.R. 56(C) evidence that could be used to meet appellant's reciprocal evidentiary burden. As to the enforceability of the limitations provision, the trial court determined that the limitations period was supported by consideration. The court also found that appellant failed to introduce any evidence that would raise a question of fact regarding his meeting of the minds argument. Consequently, the court found that the limitations provision was enforceable, thereby rendering appellant's claims untimely and entitling appellees to summary judgment.

## B. Assignments of Error

{¶ 13} Appellant has timely appealed the trial court's grant of summary judgment to appellees, asserting the following assignments of error:

> Assignment of Error I: The trial court committed reversible error by creating a contract out of the application.

> Assignment of Error II: The trial court committed reversible error by finding the contract between Fry and FCA US LLC was not procedurally unconscionable.

6.

## II.  Analysis

### A.  Standard of Review

{¶ 14} A motion for summary judgment is reviewed de novo by an appellate court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).  "'When reviewing a trial court's ruling on summary judgment the court of appeals conducts an independent review of the record and stands in the shoes of the trial court.'"  *Gunsorek v. Pingue*, 135 Ohio App.3d 695, 700, 735 N.E.2d 487 (10th Dist.1999), quoting *Baker v. Buschman Co.*, 127 Ohio App.3d 561, 566, 713 N.E.2d 487 (12th Dist.1998).

{¶ 15} In order to obtain summary judgment at the trial level,

> [I]t must be determined that (1) there is no genuine issue of material
> fact; (2) the moving party is entitled to judgment as a matter of law; and
> (3) it appears from the evidence that reasonable minds can come to but one
> conclusion when viewing the evidence in favor of the nonmoving party,
> and that conclusion is adverse to the nonmoving party.  *State ex rel. Cassels
> v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219, 631
> N.E.2d 150 (1994), citing *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d
> 64, 65-66, 609 N.E.2d 144 (1993); *see also* Civ.R. 56(C).

### B.  Existence of a Contract

{¶ 16} In his first assignment of error, appellant argues that the trial court erred in concluding that he entered into a contract with Chrysler upon his execution of the application for employment.

7.

{¶ 17} A contract is a promise or a set of promises that can be enforced when one person fails to fulfill the promise. *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16, citing *Pawlowski v. Pawlowski*, 83 Ohio App.3d 794, 798-799, 615 N.E.2d 1071 (10th Dist.1992). A contract consists of an offer, acceptance, and consideration. *Id.*, citing *Perlmuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 411 (N.D.Ohio 1976). An offer is defined as "'the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it.'" *Garrison v. Daytonian Hotel*, 105 Ohio App.3d 322, 325, 663 N.E.2d 1316 (2d Dist.1995), quoting 1 Restatement of the Law 2d 71, Contracts, Section 24. Consideration is the bargained for legal benefit or detriment. *Id.* The presence or absence of consideration is a proper question for the court. *Irving Leasing Corp. v. M & H Tire Co.*, 16 Ohio App.3d 191, 192, 475 N.E.2d 127 (2d Dist.1984). However, once consideration is found to exist, the court may not inquire into the adequacy of that consideration. *Williams v. Ormsby*, 131 Ohio St.3d 427, 2012-Ohio-690, 966 N.E.2d 255, ¶ 17.

{¶ 18} Here, the express terms of the application for employment demonstrate Chrysler's willingness to enter into a bargain. Specifically, Chrysler offered to review appellant's application in exchange for his agreement to be bound by a shorter period of limitations than would otherwise be available to him under the Ohio Revised Code. Appellant's assent to those terms was all that was required in order to conclude the bargain. Therefore, we find that the application for employment constituted an offer

8.

upon its presentation to appellant. When appellant executed the application, his acceptance of the offer was complete, and the agreement was formed. This agreement was supported by consideration in that Chrysler was obligating itself to review appellant's application, which it would not otherwise be obligated to do, and appellant was waiving certain legal rights that he otherwise would possess under Ohio law. Because the parties' agreement was supported by consideration, we find that the trial court properly found that a contract was formed in this case.

{¶ 19} Notwithstanding the foregoing analysis, appellant argues that the application for employment does not constitute an offer because it does not represent a manifestation of Chrysler's intent to enter into a bargain such that appellant would understand that his assent to the terms contained therein was all that was needed to conclude the bargain. We find no merit to appellant's argument in light of the clear language contained in the application. The authority appellant cites in support of his argument is unavailing. Indeed, the cases appellant relies upon are factually distinguishable insofar as they relate to instances in which the parties are in the process of negotiations and the terms of the acceptance are different from the terms of the offer, thereby creating a counteroffer rather than an acceptance. *See Foster v. Ohio State Univ.*, 41 Ohio App.3d 86, 88, 534 N.E.2d 1220 (10th Dist.1987) (finding that plaintiff's purported acceptance of defendant's offer to begin employment on July 1, 1983, was actually a counteroffer because plaintiff indicated that he desired to commence employment on July 15, 1983, thereby altering the terms of defendant's offer). Such is

9.

not the case here. In this case, appellant executed the application for employment without modification of its terms.

{¶ 20} Next, appellant argues that a contract could not exist in this case because there was no meeting of the minds between the parties. A "meeting of the minds" between parties is an essential element of a valid contract. *Noroski v. Fallet*, 2 Ohio St.3d 77, 79, 442 N.E.2d 1302 (1982). "The 'meeting of the minds' is normally manifested by an offer and acceptance." *Dalicandro v. Morrison Rd. Dev. Co.*, 10th Dist. Franklin Nos. 00AP-619 and 656, 2001 Ohio App. LEXIS 1765, * 30 (Apr. 17, 2001), citing *Nilavar v. Osborn*, 137 Ohio App.3d 469, 484, 738 N.E.2d 1271 (2d Dist.2000). "Thus, the signing of an agreement and acquiescence in its effect generally demonstrates the existence of a 'meeting of the minds.'" *Id.*, citing *Cuyahoga Cty. Hospitals v. Price*, 64 Ohio App.3d 410, 416, 581 N.E.2d 1125 (8th Dist.1989).

{¶ 21} As indicated above, Chrysler's offer to review appellant's application in exchange for certain concessions from appellant, and appellant's execution of the application for employment indicating his acceptance of Chrysler's offer, is clear from the undisputed facts. Appellant insists that, because he is legally blind and only possesses a high school education, he did not hold the requisite level of knowledge, experience, or sophistication to understand the language in the application. Notably, appellant does not allege that he is illiterate. Moreover, appellant made no attempt to modify the terms of the application for employment, nor did he question Chrysler regarding the meaning of its terms. "[P]arties to contracts are presumed to have read and

10.

understood them and * * * a signatory is bound by a contract that he or she willingly signed." *Preferred Capital, Inc. v. Power Engineering Group, Inc.*, 112 Ohio St.3d 429, 2007-Ohio-257, 860 N.E.2d 741, ¶ 10. Similarly, the Eighth District has previously stated:

> A party entering a contract has a responsibility to learn the terms of the contract prior to agreeing to its terms. The law does not require that each aspect of a contract be explained orally to a party prior to signing. [*ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 503, 692 N.E.2d 574 (1997).] "It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written." [*Id*.] citing *Upton v. Tribilcock*, 91 U.S. 45, 50, 23 L.Ed. 203 (1875). *Estate of Brewer v. Dowell & Jones, Inc.*, 8th Dist. Cuyahoga No. 80563, 2002-Ohio-3440, ¶ 13.

{¶ 22} In light of the foregoing, we find that the evidence contained in the record establishes that a meeting of the minds occurred in this case. Therefore, appellant's argument concerning a lack of a meeting of the minds is without merit.

{¶ 23} Appellant further argues that the application for employment could not constitute a contract because it was not supported by consideration. First, appellant contends that there was no express consideration given by Chrysler in the application.

We reject this argument outright, as the terms of the application for employment are preceded by the phrase "In consideration of the review of my application."

{¶ 24} Next, appellant argues that Chrysler's promise to review his application was illusory because "any implied promise to consider [appellant] for employment was on [Chrysler's] own schedule and could be abandoned at their discretion once they find the right candidate to hire before considering the rest of the applicants." In support, appellant cites several federal arbitration cases that stand for the proposition that an employer's promise to consider an applicant for hire is insufficient to form a contract and render an arbitration provision enforceable.

{¶ 25} At the outset, we note that the authority appellant relies upon in support of his argument is either factually distinguishable insofar as this case does not involve the enforceability of an arbitration provision, or otherwise not binding on this court due to the fact that the cases are not Ohio cases. Under well-established Ohio law, courts generally do not inquire into the adequacy of consideration once consideration is found to exist. *Butcher v. Bally Total Fitness Corp.*, 8th Dist. Cuyahoga No. 81593, 2003-Ohio-1734, ¶ 31. In this case, consideration is evident from the four corners of the application for employment. Moreover, appellant's assertion that Chrysler's promise to review his application was illusory is belied by the fact that Chrysler hired appellant upon its review of his application. Thus, we find no merit to appellant's assertion that his assent to the limitations provision in the application for employment rested upon an illusory promise.

12.

**{¶ 26}** Additionally, we find no merit to appellant's argument that mutuality of obligation was lacking in this case simply because the application for employment does not expressly limit Chrysler's ability to sue appellant beyond the 180-day period. Consideration requires mutuality of obligation. However, "the obligations of each are not required to be identical." *Robbins v. Country Club Ret. Ctr. IV, Inc.*, 7th Dist. Belmont No. 04 BE 43, 2005-Ohio-1338, ¶ 26. In this case, Chrysler is obligated to review appellant's application, which it did prior to selecting him for employment. Thus, mutuality of obligation is present here.

**{¶ 27}** Having found no merit to appellant's arguments concerning the trial court's finding that the application for employment constituted an enforceable contract, we find that appellant's first assignment is not well-taken.

## C. Conscionability of the Contract

**{¶ 28}** In his second assignment of error, appellant argues that the trial court erred in finding that the application for employment was not procedurally unconscionable.

**{¶ 29}** A determination of whether a written contract is unconscionable is an issue of law that we review de novo. *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 34. The defense that a contract or contract provision is unenforceable on the ground that it is unconscionable is premised on a finding that a party did not have any meaningful choice when entering into the contract or the contract terms are unreasonably favorable to one party. *Lake Ridge Academy v. Carney*, 66 Ohio St.3d 376, 382, 613 N.E.2d 183 (1993). "The party asserting

13.

unconscionability of a contract bears the burden of proving that the agreement is both procedurally and substantively unconscionable." *Taylor* at ¶ 33.

{¶ 30} "'Procedural unconscionability concerns the formation of the agreement and occurs when no voluntary meeting of the minds is possible.'" *Brunke v. Ohio State Home Servs., Inc.*, 9th Dist. Lorain No. 08CA009320, 2008-Ohio-5394, ¶ 10, quoting *Porpora v. Gatliff Bldg. Co.*, 160 Ohio App.3d 843, 2005-Ohio-2410, 828 N.E.2d 1081, ¶ 7 (9th Dist.). To evaluate procedural unconscionability, courts consider factors relating to the relative bargaining position of the parties, including "age, education, intelligence, business acumen, experience in similar transactions, whether the terms were explained to the weaker party, and who drafted the contract." *Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 2004-Ohio-829, 809 N.E.2d 1161, ¶ 31 (9th Dist.). No one factor alone determines whether a contract is procedurally unconscionable. *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 29. Rather, procedural unconscionability is determined after consideration of the totality of the circumstances. *Id.* at ¶ 30.

{¶ 31} In this case, our ability to consider the totality of the circumstances is frustrated by the fact that appellant submitted no evidence apart from his declaration in which he asserted that he is legally blind, that he was not given an opportunity to speak with Chrysler officials about the terms of the application for employment or to alter its terms, and that he was not allowed to print a copy of the application with larger print so that he could read the fine print. Even assuming, arguendo, that this evidence was

14.

admissible under Civ.R. 56, we find that appellant has failed to meet his burden of establishing unconscionability. As noted above, appellant makes no argument that he is illiterate or was unable to read the application for employment despite his alleged legal blindness. While he states that he was unable to understand the meaning of some of the terms contained in the application for employment, there is no record of appellant asking Chrysler officials for an explanation of such terms.

{¶ 32} Moreover, appellant has failed to demonstrate that the terms of the application for employment are unreasonably favorable to Chrysler or that he had no meaningful choice when entering into the contract. Indeed, appellant was free to find another employer if he was unsatisfied with Chrysler's terms of employment, which we find were reasonable in light of Chrysler's offer to review appellant's application and its subsequent decision to hire appellant.

{¶ 33} In sum, we conclude that appellant has failed to demonstrate that the application for employment was procedurally or substantively unconscionable. Accordingly, appellant's second assignment of error is not well-taken.

### III. Conclusion

{¶ 34} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                                              _____
                                                                       JUDGE

Thomas J. Osowik, J.


                                              _____
James D. Jensen, P.J.                                                      JUDGE
CONCUR.


                                              _____
                                                                        JUDGE

16.