[Cite as *Hoague v. Cottrill Servs., L.L.C.*, 2024-Ohio-531.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| MICHAEL C. HOAGUE | : | JUDGES: |
|  | : |  |
|  | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
|  | : | Hon. Patricia A. Delaney, J. |
| -vs- | : |  |
|  | : | Case No. 23 CAE 05 0030 |
|  | : |  |
| COTTRILL SERVICES, LLC, ET AL. | : |  |
|  | : |  |
|  | : |  |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court of Common Pleas, Civil Division, Case No. 22 CV C 07 0341

JUDGMENT:     AFFIRMED IN PART; REVERSED AND REMANDED IN PART

DATE OF JUDGMENT ENTRY:     February 13, 2024

APPEARANCES:

For Plaintiff-Appellant:

GEOFFREY A. SPALL
43 S. Franklin St.
Delaware, OH 43015

For Defendants-Appellees:

LISA C. HAASE
ROBERT S. ROBY
30 Northwoods Blvd., Suite 300
Columbus, OH 43235

BRIAN T. WINCHESTER
JESSE M. SCHMIDT
4608 St. Clair Ave.
Cleveland, OH 44103

*Delaney, J.*

{¶1} Plaintiff-Appellant Michael C. Hoague appeals the April 6, 2023 judgment entry of the Delaware County Court of Common Pleas, Civil Division.

## FACTS AND PROCEDURAL HISTORY[1]

### Storm Damage

{¶2} Plaintiff-Appellant Michael C. Hoague, an attorney and former municipal court judge, is the owner of a residential home located in the City of Delaware, Ohio. On or about June 4, 2020, Hoague was out of state when a significant storm came through the City of Delaware. Hoague returned to his home on June 6, 2020 and discovered the interior of the home was damaged due to the storm. Upon Hoague's inspection, the majority of the damage appeared to be water-related, with resulting mold and mildew.

{¶3} Hoague contacted Defendant-Appellee Cottrill Services, LLC d/b/a Servpro of Delaware, OH (hereinafter "Cottrill Services") and scheduled an in-home inspection to assess the damages and provide an estimate for repair. Defendant-Appellee Xact Drafting, LLC and its sole owner and statutory agent, Keith Richard Cottrill, were associated with Cottrill Services.

### Servpro Inspection of Home

{¶4} On June 26, 2020, Keith Richard Cottrill met with Hoague at Hoague's home for an inspection and estimate. Xact Drafting emailed Hoague a preliminary estimate for the repair and renovation of the storm damage. Hoague contacted Cottrill

---

[1] Because this matter is before the Court upon an appeal of the trial court's judgment granting a Civ.R. 12(C) motion, we consider only the facts from the pleadings.

Services on June 29, 2020 and accepted the estimate. The work was scheduled to commence on July 11, 2020.

**Contractual Agreements**

{¶5} Prior to the commencement of the work, Cottrill Services did not provide Hoague with a contractual agreement. Cottrill Services and its employees commenced work on July 11, 2020. On that same day, Hoague met with a Cottrill Services representative on the front porch of the home. The Cottrill Services representative told Hoague that due to the COVID-19 restrictions, the usual contract paperwork and related documents would not be provided at that time. In lieu of exchanging a paper copy of the contractual agreement, the Cottrill Services representative gave Hoague an oral summary of the paperwork and said he would email Hoague a copy of the contractual agreement. According to Hoague, the representative did not explain the entirety of the contractual agreement, including the Terms and Conditions of Service.

{¶6} The Cottrill Services representative had Hoague provide his digital signature to the contractual agreement on an electronic device.

{¶7} At 6:19 p.m. on July 11, 2020, Cottrill Services emailed the contractual agreement to Hoague. The contractual agreement included the following provisions relevant to this appeal (Exhibits A and B of the Amended Complaint):

**Customer Agreement: Mold Remediation and Related Services**

* * *

Note: This contract contains a limitation of liability.

* * *

LIMITATION OF LIABILITY: IN NO EVENT SHALL PROVIDER, ITS OWNERS, ANY OFFICERS, DIRECTORS, EMPLOYEES, OR AGENTS, FRANCHISOR, OR AFFILIATES BE RESPONSIBLE FOR INDIRECT, SPECIAL, NOMINAL, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL LOSSES OR DAMAGES, OR FOR ANY PENALTIES, REGARDLESS OF THE LEGAL OR EQUITABLE THEORY ASSERTED, INCLUDING CONTRACT, NEGLIGENCE, WARRANT, STRICT LIABILITY, STATUTE OR OTHERWISE, EVEN IF IT HAD BEEN AWARE OF THE POSSIBILITY OF SUCH DAMAGES OR THEY ARE FORESEEABLE; OR FOR CLAIMS BY A THIRD PARTY. THE MAXIMUM AGGREGATE LIABILITY SHALL NOT EXCEED THREE TIMES THE AMOUNT PAID BY CUSTOMER FOR THE SERVICES OR ACTUAL PROVEN DAMAGES, WHICHEVER IS LESS. IT IS EXPRESSLY AGREED THAT CUSTOMER'S REMEDY EXPRESSED HEREIN IS CUSTOMER'S EXCLUSIVE REMEDY. THE LIMITATIONS SET FORTH HEREIN SHALL APPLY EVEN IF ANY OTHER REMEDIES FAIL OR THEIR ESSENTIAL PURPOSE. SOME STATES/COUNTRIES DO NOT ALLOW THE EXCLUSION OR LIMITATION OF INCIDENTAL OR CONSEQUENTIAL DAMAGES, SO THE ABOVE MAY NOT APPLY TO YOU.

* * *

[Signed by Michael Hoague]

* * *

## AUTHORIZATION TO PERFORM SERVICES AND DIRECTION OF

## PAYMENT

* * *

I have read this Authorization to Perform Services and Direction of Payment, including Terms and Conditions of Service on the reverse side hereof, and agree to same.

[Signed by Michael Hoague]

* * *

## TERMS AND CONDITIONS OF SERVICE

## <u>READ CAREFULLY</u>

**Note: This Contract includes a limitation of liability and limitation of**

**remedies.**

* * *

1. SERVPRO is one of the largest nationwide cleaning and restoration franchise systems in the United States. The SERVPRO franchise owner identified on the front of this Contract (the "Provider") is an independent contractor who agrees to perform the services identified on the front of this Contract (the "Services"). * * *

* * *

4. <u>Limitation of Liability</u>: IN NO EVENT SHALL PROVIDER, ITS OWNERS, ANY OFFICERS, DIRECTORS, EMPLOYEES, AGENTS, FRANCHISOR, OR AFFILIATES BE RESPONSIBLE FOR INDIRECT, SPECIAL, NOMINAL, INCIDENTAL, PUNITIVE, OR CONSEQUENTIAL LOSSES OR

DAMAGES, OR FOR ANY PENALTIES, REGARDLESS OF THE LEGAL OR EQUITABLE THEORY ASSERTED, INCLUDING CONTRACT, NEGLIGENCE, WARRANTY, STRICT LIABILITY, STATUTE OR OTHERWISE, EVEN IF IT HAD BEEN AWARE OF THE POSSIBILITY OF SUCH DAMAGES OR THEY ARE FORESEEABLE; OR FOR CLAIMS BY A THIRD PARTY. THE MAXIMUM AGGREGATE LIABILITY SHALL NOT EXCEED THREE TIMES THE AMOUNT PAID BY CUSTOMER FOR THE SERVICES OR ACTUAL PROVEN DAMAGES, WHICHEVER IS LESS. IT IS EXPRESSLY AGREED THAT CUSTOMER'S REMEDY EXPRESSED HEREIN IS CUSTOMER'S EXCLUSIVE REMEDY. THE LIMITATIONS SET FORTH HEREIN SHALL APPLY EVEN IF ANY OTHER REMEDIES FAIL THEIR ESSENTIAL PURPOSE. Some states/countries do not allow the exclusion or limitation of incidental or consequential damages, so the above may not apply to you.

* * *

7. Any claim by customer for faulty performance, for nonperformance or breach under this Contract shall be made in writing to Provider no later than sixty (60) days before instituting any suit or filing any complaint in a court of law. Failure to make such a written claim for any matter which could have been corrected by Provider shall be deemed a waiver by Customer. **NO ACTION, REGARDLESS OF FORM, RELATING TO THE SUBJECT MATTER** OF THIS CONTRACT MAY BE BROUGHT MORE THAN ONE (1) YEAR AFTER THE COMPLETION OF SERVICES.

8. CUSTOMER AND PROVIDER EACH WAIVE THEIR RESPECTIVE RIGHTS TO A TRIAL BY JURY WITH RESPECT TO ANY AND ALL CLAIMS OR CAUSES OF ACTION (INCLUDING COUNTERCLAIMS) RELATED TO OR ARISING OUT OF OR IN ANY WAY CONNECTED TO THIS CONTRACT AND AGREE THAT ANY CLAIM OR CAUSE OF ACTION WILL BE TRIED BY A COURT WITHOUT A JURY.

* * *

Customer's Initials: [initials]

{¶8} Hoague does not dispute the five digital documents emailed to him bore his digital signature. The preliminary reconstruction estimate was $9,069.99.

**Cottrill Services Completes the Work**

{¶9} Cottrill Services completed the restoration work on July 11, 2020. Approximately 72 hours after the Cottrill Services crew left, Hoague examined the work. It appeared to Hoague that during its restoration work, Cottrill Services caused damage to his basement, property in the basement, and his heating and air conditioning system. Hoague consulted with other construction experts who agreed that Cottrill Services caused damage to the home during the restoration.

**Hoague Contacts Cottrill Services About Dissatisfaction with Work**

{¶10} On or about December 31, 2020, Hoague mailed a letter to Richard Cottrill, the owner of Cottrill Services, to complain about the destruction of Hoague's property and dissatisfaction with the restoration work. Richard Cottrill responded by email on January 7, 2021 and advised Hoague that he would contact his technicians to look into the matter. Cottrill sent Hoague an email on January 11, 2021 with a final report and fifty-six

photographs attached. Hoague responded that he had received the email but would review the final report at a later date due to health reasons related to COVID-19.

{¶11} On July 1, 2022, approximately two years after the date of the contract, Hoague mailed Richard Cottrill a settlement demand letter with a deadline for a response. Richard Cottrill responded and requested an extension to respond until July 15, 2022. Hoague responded on July 3, 2022, stating he would grant an extension until July 10, 2022. Hoague alleged his potential civil claims would be time barred after July 11, 2022.

{¶12} As Hoague was preparing to file his breach of contract claim with the Delaware County Court of Common Pleas, he reviewed the contractual agreements to be attached to his pleading. He noticed for the first time that the contractual agreement incorporated "Terms and Conditions of Service" provisions, which included a limitation of liability and limitation of remedies. The "Terms and Conditions of Service" page was not signed by Hoague but was allegedly initialed by Hoague. Hoague stated the initials do not resemble his subscribed initials and were not authentic.

{¶13} Cottrill Services did not timely respond to Hoague's settlement demand. Hoague filed his initial complaint with the Delaware County Court of Common Pleas on July 11, 2022.

### Original Complaint

{¶14} Hoague filed his initial complaint, with a jury demand, on July 11, 2022 with the Delaware County Court of Common Pleas. He named Cottrill Services, Xact Drafting, Richard Cottrill, John Doe, and Wade Doe as defendants. In his complaint, he alleged five causes of action: breach of contract, violation of Consumer Sales Practices Act, intentional/negligent misrepresentation, negligence, and attorney fees.

{¶15} On August 10, 2022, Cottrill Services answered the complaint with a jury demand. Cottrill Services raised affirmative defenses, which included that Hoague's claims were barred because he failed to comply with the terms and conditions of the contract.

{¶16} Also on August 10, 2022, Cottrill Services filed a Motion to Dismiss Hoague's complaint. The Civ.R. 12(B)(6) motion alleged the claims raised in Hoague's complaint were time-barred by the one-year statute of limitations stated in the "Terms and Conditions of Service." Hoague's complaint alleged that Cottrill Services removed its equipment from the home on July 13, 2020. Hoague filed his complaint on July 11, 2022, raising five causes of action relating to the subject matter of Hoague's contract with Cottrill Services. Cottrill Services argued that Hoague's complaint should be dismissed as being time-barred under the one-year contracted statute of limitations.

{¶17} Richard Cottrill filed an answer to the complaint on August 10, 2022. Xact Drafting filed a notice of appearance and motion for extension to respond to Hoague's original complaint.

{¶18} Hoague did not file a response to Cottrill Services' motion to dismiss. On August 31, 2022, the trial court granted the motion to dismiss.

**Amended Complaint**

{¶19} On August 31, 2022, Hoague filed an amended complaint naming Cottrill Services, Richard Cottrill, Xact Drafting, and John Doe as defendants. He alleged seven causes of action: civil conspiracy, intentional/negligent misrepresentation, fraud, violation of the Consumer Sales Protection Act, negligence, breach of contract, and reasonable attorney's fees.

{¶20} On September 1, 2022, the trial court filed a nunc pro tunc judgment entry granting Cottrill Services' motion to dismiss. It clarified that the matter remained pending against Defendants Cottrill, Xact Drafting, John Doe, and Wade Doe.

{¶21} Also on September 1, 2022, Hoague filed a motion for reconsideration of the trial court's August 31, 2022 and September 1, 2022 judgment entries. He argued the trial court prematurely dismissed his complaint because pursuant to Civ.R. 15(A), he was permitted to amend his complaint. The trial court granted Hoague's motion for reconsideration on September 6, 2022. Cottrill Services was reinstated as a party-defendant and the amended complaint controlled the proceedings.

{¶22} On September 6, 2022, Xact Drafting filed a suggestion of death that its single member, Keith Richard Cottrill had died on June 9, 2022. Hoague filed a motion for appointment of a statutory agent for Xact Drafting. The trial court found the motion to be moot because Hoague failed to follow statutory procedures if Xact Drafting failed to maintain a statutory agent.

{¶23} Cottrill Services and Richard Cottrill filed a joint answer to the amended complaint.

{¶24} Hoague filed a notice of voluntary dismissal, without prejudice, of Richard Cottrill as a party defendant.

### Motion to Dismiss Amended Complaint

{¶25} On January 17, 2023, Cottrill Services filed a motion to dismiss the amended complaint. Xact Drafting did not join the motion to dismiss the amended complaint. Cottrill Services again raised the argument that pursuant to the reasonable and unambiguous one-year statute of limitations provision in the contractual agreement,

Hoague's claims were time-barred. Cottrill Services then addressed the new claims raised in Hoague's amended complaint, arguing Hoague raised the new claims of fraud and intentional misrepresentation to avoid the application of the one-year statute of limitations, but the claims were improperly plead.

{¶26} Hoague filed a memorandum contra on January 31, 2023. Hoague first claimed he did not knowingly enter into the one-year statute of limitations as stated in the "Terms and Conditions of Service." He next argued the two-year statute of limitations period under the Consumer Sales Practices Act and R.C. 1345.10(C) was applicable to his claims, not the one-year statute of limitations. He finally contended that the additional claims for civil conspiracy, intentional misrepresentation, and fraud raised in his amended complaint provided sufficient grounds to rescind the one-year statute of limitations in the contractual agreement.

{¶27} Cottrill Services replied that there was no dispute that Hoague filed his original complaint beyond the one-year statute of limitations stated in the contractual agreement. There was also no factual dispute that Hoague voluntarily signed the contractual agreement on the electronic device and that he received an electronic copy of the contractual agreement the same day he signed the agreement. Cottrill Services concluded by arguing that Hoague failed to address in his response why his additional claims for fraud and intentional misrepresentation as pleaded stated a claim for relief.

{¶28} On April 6, 2023, the trial court granted Cottrill Services' motion to dismiss the amended complaint. The trial court considered the motion to dismiss to be a Civ.R. 12(C) motion for judgment on the pleadings. Upon its review of the contractual agreement attached to the amended complaint, the trial court found that Hoague's signature

appeared on a statement that read, "I have read this Authorization to Perform Services and Direction of Payment, including the Terms and Conditions of Service on the reverse side hereof, and agree to the same." Hoague admitted in his amended complaint that he signed the contractual agreement, albeit on an electronic device; however, he also received electronic copies of the contractual agreement on the same day he signed the agreement. Based on his experience as an attorney and judge, the trial court found Hoague could not credibly claim that he was not aware of the importance of reading a document before signing it. The trial court found the one-year statute of limitations to be enforceable as a matter of law.

{¶29} As to Hoague's remaining claims, the trial court found that his claims of fraud and intentional misrepresentation did not sound in fraud, but rather in breach of contract.

{¶30} The trial court granted the judgment on the pleadings in favor of Cottrill Services. Because the trial court found Hoague's remaining claims against Xact Drafting and John Does were subject to the same contractual limitations period, the trial court dismissed the action against those defendants.

{¶31} On June 2, 2023, Hoague notified the trial court that he had obtained service of process on the Secretary of State as the agent for Xact Drafting on April 11, 2023.

{¶32} It is from the April 6, 2023 judgment entry that Hoague now appeals.

## ASSIGNMENTS OF ERROR

{¶33} Hoague raises two Assignments of Error:

I. THE TRIAL COURT PREJUDICIALLY ERRED WHEN IT RULED THAT PLAINTIFF-APPELLANT'S CLAIMS WERE TIME BARRED AND DISMISSED THE AMENDED COMPLAINT IN ITS ENTIRETY.

II. THE TRIAL COURT PREJUDICIALLY ERRED AND VIOLATED PLAINTIFF-APPELLANT'S RIGHTS UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION BY ERRONEOUSLY DISMISSING PLAINTIFF-APPELLANT'S COMPLAINT IN ITS ENTIRETY.

## ANALYSIS

### Standard of Review

{¶34} The trial court considered Cottrill Services' motion to dismiss as a Civ.R. 12(C) motion for judgment on the pleadings. Civil Rule 12(C) provides, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard of review of the grant of a motion for judgment on the pleadings is the same as the standard of review for a Civ.R. 12(B)(6) motion, which requires the appellate court to independently review the complaint to determine if the dismissal was appropriate. *Ferreri v. The Plain Dealer Publishing Co.*, 142 Ohio App.3d 629, 639, 756 N.E.2d 712 (8th Dist.2001). A motion for judgment on the pleadings pursuant to Civ.R. 12(C) presents only questions of law. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 175, 297 N.E.2d 113 (1973). The determination of a motion under Civil Rule 12(C) is restricted solely to the allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable

inferences to be drawn therefrom, construed in its favor. *Id*. In considering such a motion, one must look only to the face of the complaint. *State ex rel. Osborne v. City of North Canton*, 5th Dist., 2019-Ohio-1744, 135 N.E.3d 1155, ¶ 10. The court is permitted, under Civ.R. 10, to consider written instruments if they are attached to the complaint. (Citations omitted.) *State ex rel. Gormley v. Jordan*, 5th Dist. Delaware No. 20 CAD 07 0029, 2020-Ohio-4759, ¶ 9 citing *Natl. City Mtge. Co. v. Wellman*, 174 Ohio App.3d 622, 2008-Ohio-207, 883 N.E.2d 1122, ¶ 17 (4th Dist.).

### I. Cottrill Services

{¶35} In his first Assignment of Error, Hoague argues the trial court erred when it granted the motion for judgment on the pleadings in favor of Cottrill Services. His first Assignment of Error raises multiple issues, and we examine each in turn.

### One-Year Contractual Limitation

{¶36} Hoague does not dispute the existence of a contract between him and Cottrill Services for the restoration of Hoague's home (he raises breach of contract as one of his causes of action). The main issue in this case is whether the one-year limitation provision found in the "Terms and Conditions of Service" section of the contract bars all of Hoague's causes of action. The time limit provision states in pertinent part:

> 7. * * * NO ACTION, REGARDLESS OF FORM, RELATING TO THE SUBJECT MATTER OF THIS CONTRACT MAY BE BROUGHT MORE THAN ONE (1) YEAR AFTER THE COMPLETION OF SERVICES.

Cottrill Services argued, and the trial court agreed, that the one-year limitations period barred Hoague's causes of action for civil conspiracy, intentional/negligent misrepresentation, fraud, violation of the Consumer Sales Protection Act, negligence,

breach of contract, and reasonable attorney fees. Hoague does not specifically dispute that the parties to a contract may agree to limit the time for bringing an action to a period less than provided by relevant statute of limitations. So long as the shortened period is reasonable and the contract language is clear and unambiguous, the provision may be enforceable. *Monreal Funeral Home, Inc. v. Farmers Ins. Co.*, 189 Ohio App.3d 1, 2010-Ohio-3805, 937 N.E.2d 159, ¶ 33 (11th Dist.) citing *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 632, 635 N.E.2d 357.

{¶37} Hoague contends the claims raised in his amended complaint are not barred by the one-year limitation provision. His amended complaint brings causes of action that, without an alleged contractual time limitation, provide different statutes of limitations, such as a violation of the Consumer Sales Protection Act. Hoague also raises claims that could arguably be unrelated to the subject matter of the contract, such as fraud or intentional/negligent misrepresentation. Like the water in the basement, we wade through these issues under the guidelines of Civ.R. 12(C).

<u>Reading and Bargaining</u>

{¶38} We first examine Hoague's argument that the time limit is not applicable because under the circumstances in which he signed the contract, he did not bargain for the provisions in the "Terms and Conditions of Service" including the one-year time limitation. His amended complaint described the circumstances under which he signed the contract with Cottrill Services. On July 11, 2020 at 9:00 a.m., Cottrill Services came to the home to start the restoration work. Due to the COVID-19 pandemic, Hoague met with the Cottrill Services representative on the front porch of the home, maintaining social distancing. Hoague states the Cottrill Services representative informed him that due to

the COVID-19 restrictions, the usual contract paperwork and related documents describing the scope of services to be performed and authorizing the work would not be provided at that time. In lieu of exchanging paper copies of the contract, the Cottrill Services representative would give Hoague an oral summary of what the paperwork provides. The representative promised to email Hoague a copy of the contract. The representative, however, provided an iPad or other electronic device, to which Hoague could provide his digital signature to the contract at that time.

{¶39} After verbally explaining the provisions of the contract, the representative provided Hoague an iPad or other electronic device to provide his digital signature to the provision. Hoague believed he provided his digital signature five times. Hoague stated in his amended complaint that at no time during the representative's verbal summary of the contract, did he advise Hoague of the provisions in the "Terms and Conditions of Service." Hoague stated he would have refused to sign or excised the provisions in the "Terms and Conditions of Service" that limited his right to a jury trial or the one-year time limitation.

{¶40} Hoague attached the contract to the amended complaint as Exhibit A. The second page of Exhibit A is an "Authorization to Perform Services and Direction of Payment." It contains the statement, "I have read this Authorization to Perform Services and Direction of Payment, including the Terms and Conditions of Service on the reverse side hereof, and agree to the same." It identifies Hoague and includes a signature line containing his signature. Hoague admitted in his amended complaint that he digitally signed that provision of the contract.

{¶41} At 6:19 p.m. on July 11, 2020, Cottrill Services emailed Hoague a copy of the contract that Hoague signed in the morning prior to the commencement of the restoration work. The email included the "Terms and Conditions of Service" provision.

{¶42} On July 14, 2020, Hoague viewed the restoration work and saw that it was not properly done. On December 1, 2020, Hoague reached out to Cottrill Services to express his dissatisfaction with its performance. No agreement was reached between the parties.

{¶43} Pursuant to the one-year limitations period in the contract, Hoague had until July 11, 2021 to commence legal action against Cottrill Services. In July 2022, Hoague prepared to file his complaint against Cottrill Services that contained a breach of contract claim. He was required to attach a copy of the contract to the complaint. In doing so, Hoague saw for the first time that the contract documents included the "Terms and Conditions of Service" provision.

{¶44} Hoague argues that because Cottrill Services did not make him aware of the "Terms and Conditions of Service" before he signed the contract, the terms are not binding upon him. The failure to read the terms of a contract is not a defense to the enforcement of the contract. *Gartrell v. Gartrell*, 181 Ohio App.3d 311, 2009-Ohio-1042, 908 N.E.2d 1019, ¶ 37 (5th Dist.) citing *Haller v. Borror*, 50 Ohio St.3d 10, 552 N.E.2d 207 (1990). The Tenth District Court of Appeals addressed this issue in the similar case of *Hadden Co., L.P.A. v. Del Spina* (Aug. 26, 2003), Franklin App. No. 03AP–37, 2003-Ohio-4507, 2003 WL 22006842, holding:

> One of the most celebrated tenets of the law of contracts is that a document
> should be read before being signed, and the corollary to this rule is that a

party to the contract is presumed to have read what he signed and cannot defeat the contract by claiming he did not read it. *See, e.g., McAdams v. McAdams* (1909), 80 Ohio St. 232, 241, 88 N.E. 542. Mr. and Mrs. Hadden are an attorney and a treasurer to a law office. Nothing excuses their failure to read the purchase contract prior to signing.

*Gartrell, supra* at ¶ 38. The Eighth District Court of Appeals reached a similar conclusion:

A party entering a contract has a responsibility to learn the terms of the contract prior to agreeing to its terms. The law does not require that each aspect of a contract be explained orally to a party prior to signing. [*ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 503, 692 N.E.2d 574 (1998).] "It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written." [*Id*.] citing *Upton v. Tribilcock*, 91 U.S. 45, 50, 23 L.Ed. 203 (1875).

*Fry v. FCA US LLC*, 2017-Ohio-7005, 143 N.E.3d 1108, ¶ 21 (6th Dist.) quoting *Estate of Brewer v. Dowell & Jones, Inc.*, 8th Dist. Cuyahoga No. 80563, 2002-Ohio-3440, ¶ 13.

{¶45} Hoague alleged in his amended complaint that COVID-19 restrictions prevented him from reading the contract before the work commenced. Hoague denied that he was aware of the "Terms and Conditions of Service," but he admitted to signing the "Authorization to Perform Services and Direction of Payment," which contained a statement that the signer had read and agreed to the "Terms and Conditions of Service." The amended complaint does not detail whether the contract was available to read on the

iPad so that Hoague could have read it before affixing his signature (because regardless of COVID-19 precautions, he would have had to touch the iPad to affix his signature). Hoague admits, however, that he received a copy of the signed contract documents from Cottrill Services on July 11, 2020. Hoague admits that he did not read the signed contract documents until July 2022. Construing all reasonable inferences in favor of Hoague, the facts establish Hoague knew, or should have known, about the provisions contained within the "Terms and Conditions of Service" either on July 11, 2020 or within one-year of July 14, 2020, when Hoague stated he knew the restoration work was not done to his satisfaction and possibly in breach of the contract.

{¶46} Relating to his argument that he did not bargain for the "Terms and Conditions of Service" due to his inability to read the contract before signing, Hoague contends the contested contract provisions were unconscionable, and therefore enforceable, because there was no voluntary meeting of the minds as to the terms. The defense that a contract provision is unenforceable on the grounds that it is unconscionable is premised on a finding that a party did not have any meaningful choice when entering into the contract or the contract terms are unreasonably favorable to one party. *Fry v. FCA US LLC*, 2017-Ohio-7005, 143 N.E.3d 1108, ¶ 29 (6th Dist.) citing *Lake Ridge Academy v. Carney*, 66 Ohio St.3d 376, 382, 613 N.E.2d 183 (1993). "The party asserting unconscionability of a contract bears the burden of proving that the agreement is both procedurally and substantively unconscionable." *Fry, supra* at ¶ 29 quoting *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 33.

{¶47} The Sixth District Court of Appeals discussed "procedural unconscionability:"

" 'Procedural unconscionability concerns the formation of the agreement and occurs when no voluntary meeting of the minds is possible.' " *Brunke v. Ohio State Home Servs., Inc.*, 9th Dist. Lorain No. 08CA009320, 2008-Ohio-5394, 2008 WL 4615578, ¶ 10, quoting *Porpora v. Gatliff Bldg. Co.*, 160 Ohio App.3d 843, 2005-Ohio-2410, 828 N.E.2d 1081, ¶ 7 (9th Dist.). To evaluate procedural unconscionability, courts consider factors relating to the relative bargaining position of the parties, including "age, education, intelligence, business acumen, experience in similar transactions, whether the terms were explained to the weaker party, and who drafted the contract." *Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 2004-Ohio-829, 809 N.E.2d 1161, ¶ 31 (9th Dist.). No one factor alone determines whether a contract is procedurally unconscionable. *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 29. Rather, procedural unconscionability is determined after consideration of the totality of the circumstances. *Id.* at ¶ 30.

*Fry, supra* at ¶ 30.

{¶48} Hoague states in his amended complaint that he is an "attorney with 40 years' experience as a trial lawyer who has tried or presided over 500 or more jury trials to a verdict." (Amended Complaint, Para. 60). As an attorney and former judge, Hoague had the education, intelligence, business acumen, and experience with similar transactions. Cottrill Services orally explained some of the terms of the contract, but Hoague signed the contract. Cottrill Services emailed the contract to Hoague on the same day he signed the contract, but Hoague did not read the terms of the contract he signed on July 11, 2020 until July 2022. We do not find the circumstances support

Hoague's claim of unconscionability. *See Hadden Co., L.P.A. v. Del Spina*, 10th Dist. Franklin No. 03AP-37, 2003-Ohio-4507, ¶ 15 ("Mr. and Mrs. Hadden are an attorney and a treasurer to a law office. Nothing excuses their failure to read the purchase contract prior to signing.")

{¶49} We find with all reasonable inferences in favor of Hoague, the non-moving party, the time limit provision was bargained for and not unconscionable; however, this is not the end of the analysis. In Hoague's amended complaint, he raises seven causes of action: civil conspiracy, intentional/negligent misrepresentation, fraud, violation of the Consumer Sales Practices Act, negligence, breach of contract, and reasonable attorney fees. Hoague's claims of negligence and breach of contract state Cottrill Services negligently completed the contracted work and the work was in breach of the contract. Because the one-year time limit provision is a valid contractual bargain and the negligence and breach of contract causes of action indubitably arise from the subject matter of the contract, those claims are time-barred.

{¶50} We conduct further analysis to determine whether the statute of limitations can be contractually limited as to the Consumer Sales Practices Act. We also examine whether some of Hoague's causes of action are outside of the subject matter of the contract so that the limited time period is not applicable.

### Consumer Sales Practices Act

{¶51} In Hoague's amended complaint, his fourth cause of action alleges a violation of the Consumer Sales Practices Act ("CSPA") where he states that Cottrill Services engaged in unfair, deceptive, and unconscionable acts and practices in violation of R.C. 1345.02 and 1345.03. Hoague claims that Cottrill Services required him to enter

into a one-sided contract substantially in favor of Cottrill Services and made misleading statements about the work, which Hoague relied upon to his detriment. We address Hoague's claims under the CSPA as to the statute of limitations period.

{¶52} The CSPA prohibits suppliers from committing either unfair or deceptive consumer sales practices or unconscionable acts or practices. R.C. 1345.02 and 1345.03. Under the CSPA, " 'unfair or deceptive consumer sales practices' [are defined] as those that mislead consumers about the nature of the product they are receiving, while 'unconscionable acts or practices' relate to a supplier manipulating a consumer's understanding of the nature of the transaction at issue." *Szep v. Gen. Motors LLC*, 491 F.Supp.3d 280, 296–97, 2020 WL 5834876 quoting *McKinney v. Bayer Corp.*, 744 F.Supp.2d 733, 743 (N.D. Ohio 2010) (internal citations omitted). It is designed to compensate for inadequate traditional remedies. *Loury v. Westside Automotive Group*, 2022-Ohio-3673, 199 N.E.3d 62, ¶ 22 (8th Dist.) citing *Einhorn v. Ford Motor Co.*, 48 Ohio St.3d 27, 29, 548 N.E.2d 933 (1990).

{¶53} The CSPA has a two-year statute of limitations when the party is seeking damages. R.C. 1345.10(C). The statute of limitations commences to run from the date of the occurrence of the violation, which is not necessarily the date of any underlying transaction. *Varavvas v. Mullet Cabinets, Inc.*, 185 Ohio App.3d 321, 2009-Ohio-6962, 923 N.E.2d 1221, ¶ 31 (5th Dist.) citing *Montoney v. Lincoln Logs, Ltd.*, 10th Dist. Franklin No. 06AP-284, 2007-Ohio-236, 2007 WL 155451, at ¶ 26, citing *Luft v. Perry Cty. Lumber & Supply Co.*, 10th Dist. Franklin No. 02AP–559, 2003-Ohio-2305, ¶ 27.

{¶54} In its motion to dismiss, Cottrill Services argued the parties contracted for a one-year limitation period for all claims relating to the subject matter of the contract, which

thereby included Hoague's claim under the CSPA. Hoague contends the parties cannot contractually limit the CSPA statutory two-year statute of limitations period. The statutory language of the CSPA does not state that parties are permitted to or prohibited from contractually reducing the two-year statute of limitations. Neither Hoague nor Cottrill Services have presented any case law that states the CSPA two-year statute of limitations may or may not be contractually adjusted. Cottrill Services argues that Ohio courts have permitted the contractual reduction of the limitation for other remedial statutes, such as employment discrimination claims pursuant to R.C. 4112 et seq. *See Maxwell v. Univ. Hosps. Health Sys., Inc.*, Cuyahoga C.P. No. CV-15-840036.

{¶55} It is well-settled that the CSPA is intended to be remedial and should be construed liberally in favor of consumers. *Nicholson v. Davis Auto Performance*, 5th Dist. Richland No. 2023 CA 0022, 2024-Ohio-205, ¶ 19 citing *Swoger v. Hogue*, 5th Dist. Tuscarawas No. 2013 AP 011 0045, 2015-Ohio-506, ¶ 36 citing *Einhorn v. Ford Motor Co.*, 48 Ohio St.3d 27, 29, 548 N.E.2d 933 (1990). "The purpose of the CSPA is to protect consumers, not assign responsibility to consumers to recognize and avoid a business's deceptive acts." *Jones v. J. Duran, Inc.*, 6th Dist. Lucas No. L-19-1074, 2020-Ohio-4606, ¶ 14 quoting *Einhorn, supra*; *Fletcher v. Don Foss of Cleveland Inc.*, 90 Ohio App.3d 82, 87, 628 N.E.2d 60 (8th Dist.1993). The dearth of case law on the issue of contractually limiting the CSPA two-year statute of limitations is telling. Making all reasonable inference in favor of Hoague, the consumer in this case, and based on the remedial nature of the CSPA, we decline to support Cottrill Services' argument that the one-year time limitation period applies to Hoague's claim under the CSPA.

Fraud, Misrepresentation, and a Civil Conspiracy

{¶56} In its motion to dismiss, Cottrill Services argued that Hoague failed to state a claim for fraud and/or intentional misrepresentation and based on that failure, could not avoid the application of the one-year time limitation period. Hoague asserts in his second cause of action that Cottrill Services misrepresented material facts in order to induce his agreement to enter into the contract. Cottrill Services allegedly assured Hoague that the project would be performed with "strict caution and restraint" to protect Hoague's property. Instead, Hoague claimed that Cottrill Services "intentionally and by design demolished and removed" sections of drywall that were unaffected by water damage. Hoague alleged in his third cause of action for fraud that Cottrill Services falsely made "material representations" with knowledge of their falsity and with the intention of misleading Hoague into justifiably relying upon the false representations.

{¶57} Civ.R. 9(B) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The pleading must contain allegations of fact which tend to show each and every element of a cause of action for fraud. *Zoar View Wilkshire, LLC v. Wilkshire Golf, Inc.*, 5th Dist. Tuscarawas No. 2022 AP 11 0052, 2023-Ohio-2848, ¶ 31 citing *Riieger v. Podeweltz*, 2nd Dist. Montgomery No. 23520, 2010-Ohio-2509, ¶9. "Failure to specifically plead the operative facts constituting an alleged fraud presents a defective claim that may be dismissed." *Id.*

{¶58} The elements of fraudulent misrepresentation are (1) a representation on or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter

disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) followed by justifiable reliance upon the representation or concealment by the other party, and (6) resulting injury proximately caused by the reliance. *Funk v. Durant*, 155 Ohio App.3d 99, 2003-Ohio-5591, 799 N.E.2d 221, ¶ 20 (5th Dist.). The Ohio Supreme Court set forth the elements of fraud as: (a) a representation or, where there is a duty to disclose, concealment of a fact; (b) which is material to the transaction at hand; (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (d) with the intent of misleading another into relying upon it; (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. *Boehnlein-Pratt v. Ventus Corp.*, 5th Dist. Holmes No. 14CA011, 2015-Ohio-2795, ¶ 33 citing *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 169, 462 N.E.2d 407 (1984) quoting *Friedland v. Lipman*, 68 Ohio App.2d 255, 429 N.E.2d 456 (8th DIst.1980), paragraph one of the syllabus.

{¶59} In Ohio, the existence of a contract action generally excludes the opportunity to present the same case as a tort claim. *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App.3d 137, 151, 684 N.E.2d 1261, 1270 (9th Dist.1996). "A tort claim based upon the same actions as those upon which a claim of contract breach is based will exist independently of the contract action only if the breaching party also breaches a duty owed separately from that created by the contract, that is, a duty owed even if no contract existed." *Id.*

{¶60} Hoague contends Cottrill Services engaged in fraud and intentional misrepresentation when the description of how it would complete the restoration work

differed from the resulting work. Hoague utilizes the same facts to support his fraud and misrepresentation claims as he does his claim for breach of contract. (Amended Complaint, ¶ 89, ¶ 94, ¶ 111). Considering all reasonable inferences in favor of Hoague, his claims are not separate from the breach of contract. Thus, Hoague is barred from presenting a tort claim regarding the subject matter of a breach of contract claim.

{¶61} While not specifically addressed by the trial court, Hoague's claim for civil conspiracy fails without the support of the underlying tort claims. A civil conspiracy is "a malicious combination of two or more persons to injure another person or property, in a way not competent for one alone, resulting in actual damages." *Bender v. Logan*, 2016-Ohio-5317, 76 N.E.3d 336, ¶ 78 (4th Dist.) quoting *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 419, 650 N.E.2d 863 (1995), quoting LeFort v. Century 21–Maitland Realty Co., 32 Ohio St.3d 121, 126, 512 N.E.2d 640 (1987), citing Minarik v. Nagy, 8 Ohio App.2d 194, 196, 193 N.E.2d 280 (8th Dist.1963). Ohio law does not recognize civil conspiracy as an independent cause of action. *Id.* citing *Minarik*, 8 Ohio App.2d at 195–196, 193 N.E.2d 280. To prevail upon a civil conspiracy claim, a plaintiff must demonstrate the existence of an underlying unlawful act. *Id.* citing *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475, 700 N.E.2d 859 (1998), citing Gosden v. Louis, 116 Ohio App.3d 195, 219, 687 N.E.2d 481 (1996).

{¶62} Therefore, we find the trial court did not err when it granted Cottrill Services' motion for judgment on the pleadings as to Hoague's claims for civil conspiracy, intentional/negligent misrepresentation, fraud, negligence, and breach of contract. Hoague's first Assignment of Error is overruled as to those issues. Upon our de novo

review, we sustain in part Hoague's first Assignment of Error as to his claim under the CSPA.

## II. Xact Drafting

{¶63} In Hoague's second Assignment of Error, he argues his due process rights were violated when the trial court granted Cottrill Services' motion for judgment on the pleadings and dismissed the entirety of his complaint against all the defendants, not just Cottrill Services.

{¶64} Hoague named Xact Drafting, LLC as a defendant in its amended complaint. Hoague described Xact Drafting as a limited liability company engaged in the business of structure restoration estimation and reconstruction with its principal offices located in Delaware County, Ohio. Hoague identified Keith Cottrill as the owner and authorized representative of Xact Drafting. On September 6, 2022, Xact Drafting filed a suggestion of death that its sole member, Keith Richard Cottrill, died on June 9, 2022. Xact Drafting filed an answer to the amended complaint on September 7, 2022. In its answer, Xact Drafting raised the affirmative defense of insufficiency of service of process.

{¶65} On November 27, 2022, Hoague filed a motion for the appointment of a statutory agent for Xact Drafting. The trial court denied the motion as moot because Hoague failed to follow the statutory procedures for obtaining service on Xact Drafting.

{¶66} Cottrill Services filed its motion to dismiss Hoague's amended complaint on January 17, 2023. Xact Drafting did not join Cottrill Services' motion to dismiss the amended complaint. Xact Drafting did not file its own motion to dismiss Hoague's amended complaint.

{¶67} On April 6, 2023, the trial court granted Cottrill Services' motion to dismiss the amended complaint as to all claims against Cottrill Services. The judgment entry also concluded, "Plaintiff's claims against Defendant Xact Drafting LLC and John Does 1-3 are subject to the same contractual limitations period, and therefore are dismissed."

{¶68} On June 6, 2023, Hoague notified the trial court that it received service of process on Xact Drafting through the Secretary of State on April 11, 2023.

{¶69} Based on this procedural history and the reasonable inferences of Civ.R. 12(C) in favor of Hoague, we find it was premature of the trial court to dismiss Hoague's causes of action against Xact Drafting. Xact Drafting did not move to dismiss the amended complaint pursuant to Civ.R. 12(B) or (C). It did not join in Cottrill Services' motion to dismiss the amended complaint. In Cottrill Services' motion to dismiss the amended complaint, Cottrill Services raised no argument on behalf of Xact Drafting that it was likewise protected from liability by the "Terms and Conditions of Service." Finally, the record is not clear whether Hoague had proper service on Xact Drafting before the trial court dismissed it as a party defendant.

{¶70} We sustain Hoague's second Assignment of Error on the basis that the trial court's dismissal of Xact Drafting was premature. Judgment in favor of Xact Drafting is reversed and the matter remanded to the trial court for further proceedings consistent with this Opinion and law.

# CONCLUSION

{¶71} The judgment of the Delaware County Court of Common Pleas is affirmed in part and reversed and remanded in part.

By: Delaney, J.,

Hoffman, P.J. and

Wise, J., concur.