[Cite as *Castle Constr., Co. v. Buretta Constr., Inc.*, 2025-Ohio-4860.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CASTLE CONSTRUCTION COMPANY,<br><br>  Plaintiff - Appellant<br><br>-vs-<br><br>BURETTA CONSTRUCTION, INC.,<br><br>Defendant – Appellee | Case No. 25-COA-006<br><br><u>Opinion And Judgment Entry</u><br><br>Appeal from the Ashland County Court of Common Pleas, Case No. 23-CIV-130<br><br>Judgment:  Affirmed<br><br>Date of Judgment Entry: October 23, 2025 |

**BEFORE:** William B. Hoffman; Craig R. Baldwin; Robert G. Montgomery, Judges

**APPEARANCES:** BRENT L. ENGLISH, for Plaintiff-Appellant; W. BENJAMIN REESE, for Defendant-Appellee.

*Montgomery, J.*

**{¶1}** Plaintiff-Appellant, Castle Construction Company, appeals the decision of the Ashland County Court of Common Pleas granting summary judgment in favor of Defendant, Buretta Construction, Inc.  For the reasons below, we AFFIRM.

**STATEMENT OF THE CASE**

**{¶2}** On July 14, 2023, Castle Construction, Co. ("Appellant") filed a Complaint in the Ashland County Court of Common Pleas against the Defendant, Buretta Construction, Inc. ("Buretta") and asserted claims for breach of contract, unjust enrichment, and alleged wrongful assertion of a mechanic's lien.  Appellant subsequently moved for Summary Judgment and a Magistrate granted the Motion relating to Buretta's counterclaims against Appellant but denied the Motion as to Appellant's claims against

Buretta. The Magistrate issued a Decision concluding that Appellant waived its claims against Buretta by failing to file them with the American Arbitration Association within 180 days of its demand letter, as expressly required by Section 16, "Alternative Dispute Resolution" of the Independent Contractor Agreement between the parties.

{¶3} Pursuant to Civ. R. 53, the Magistrate's Decision notified the parties that either party adversely affected by the Decision must file objections with specificity to preserve issues for appeal. Neither party filed any objections, and, on October 8, 2024, the Court of Common Pleas adopted the Magistrate's Decision. The Court also allowed Buretta to file its own Motion for Summary Judgment. Buretta did so on January 29, 2025, and the Magistrate issued a Decision granting Buretta's Motion, essentially for the reasons set forth in the Magistrate's Decision denying Appellant's Motion. The Magistrate's Decision again expressly notified the parties that to preserve issues for appeal, a party must file objections. Again, neither party filed any objections to the Magistrate's Decision. Thus, on February 14, 2025, the Court of Common Pleas adopted the Magistrate's Decision granting summary judgment to Buretta.

## RELEVANT BACKGROUND FACTS

{¶4} On April 12, 2019, Appellant signed a written contract with Edward Rose Development Company ("Rose"), a real estate development and management company, requiring Appellant, in part, to perform rough carpentry work (framing) on a multi-building apartment project called the 24@Bloomfield Apartment Project. Thereafter, on April 22, 2019, Appellant entered into a written Independent Contractor Agreement (the "Agreement") with Buretta, whereby Buretta agreed to act as the subcontractor and perform the framing work on behalf of Appellant. The Agreement between Appellant and

Buretta contained an "Alternate Dispute Resolution" section governing precisely how the parties would handle any dispute that may arise concerning the project. Section 16 of the Agreement provides as follows:

> **Alternate Dispute Resolution**: Any dispute arising under this agreement or a Project Agreement shall be subject to Mediation and Arbitration. Any party may initiate Arbitration with the American Arbitration Association within 180 days of presenting the other party with a written demand or claim. The failure to bring a claim within 180 days of providing the written demand, shall constitute a waiver of the claim. The mediation and arbitration shall occur in the State of Ohio.

{¶5} At some point, Appellant became dissatisfied with Buretta and claimed that Buretta failed to complete its work on the project as set forth in the Agreement. On March 13, 2020, Appellant sent Buretta a written Demand for Arbitration. The demand letter states in relevant part that: "Pursuant to the terms of the Independent Contractor Agreement between Castle and Buretta Construction, Inc., we hereby demand arbitration of a dispute about claims that Castle has against you and which Buretta has against Castle related to a project agreement for 24@Bloomfield owned by Edward Rose & Sons." Buretta did not respond to the demand. Following the demand, Appellant did not take any further action until it filed the Complaint in this case on July 14, 2023, more than *three years* after its initial "demand" letter.

{¶6} In its Answer and Counterclaim, Buretta averred that: "Plaintiff's claim must be dismissed as the clear terms of the Independent Contractor Agreement states in Paragraph 16 that all disputes under the Agreement or a Project Agreement shall be

subject to Mediation or Arbitration and the failure to bring such a claim after 180 days constitutes waiver of such claim." Defendant's Answer and Counterclaim, ¶ 36. As stated above, the trial court ultimately granted summary judgment in favor of Buretta. Appellant timely filed the instant appeal.

## ASSIGNMENTS OF ERROR

{¶7} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF BURETTA CONSTRUCTION, INC., BECAUSE THE INDEPENDENT CONTRACTOR AGREEMENT BETWEEN CASTLE CONSTRUCTION COMPANY AND BURETTA CONSTRUCTION, INC., DID NOT CONTRACTUALLY REDUCE THE STATUTE OF LIMITATIONS REGARDING INTERPRETATION OF THE INDEPENDENT CONTRACTOR AGREEMENT."

{¶8} "II. THE TRIAL COURT ERRONEOUSLY DETERMINED THAT THE STATUTE OF LIMITATIONS HAD BEEN CONTRACTUALLY REDUCED FROM SIX YEARS TO 368 DAYS."

{¶9} "III. THE TRIAL COURT ERRED IN FINDING THAT CASTLE CONSTRUCTION COMPANY WAIVED ITS RIGHTS UNDER THE STATUTE OF LIMITATIONS FOR WRITTEN CONTRACTS WHEN, IN FACT, IT DID NO SUCH THING."

{¶10} "IV. THE TRIAL COURT ERRED IN FINDING THAT A SUBSTANTIALLY REDUCED STATUTE OF LIMITATIONS WAS ENFORCEABLE UNDER THE FACTS OF THIS CASE."

{¶11} "V. THE BALANCE OF THE INDEPENDENT CONTRACT AGREEMENT SPECIFICALLY PROVIDED FOR LITIGATION AS BEING THE PREFERRED METHODOLOGY OF DISPUTE RESOLUTION."

## ANALYSIS

### Failure to Object to Magistrate's Decision

{¶12} Pursuant to Civ. R. 53(E)(3)(b), "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." See *Brown v. Zurich US,* 2002-Ohio-6099*, ¶ 26; *Clendenen v. Fannin Realty, Inc.,* 2002-Ohio-4548*, ¶ 17; *McBroom v. Bob-Boyd Lincoln Mercury, Inc.* (Oct. 22, 1998), Franklin App. No. 98AP-229. Thus,

" 'Civ.R. 53(E) imposes an affirmative duty on the parties to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision." ' *State ex rel. Alston v. Indus. Comm.,* 2002-Ohio-4720*, ¶* 4 (citations omitted); *In re G.S.,* 2011-Ohio-2487, ¶ 6 (10th Dist.); *see also Ohio Receivables, LLC v. Durunner,* 2013-Ohio-5514, ¶ 25 (5th Dist.).

{¶13}  The staff notes to Civ.R. 53 provide that "[d]ivision (E)(3)(b) * * * reinforces the finality of trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection." As such, under Civ.R. 53, a party's failure to file specific written objections to a magistrate's decision within the 14-day deadline generally forfeits that party's right to challenge the decision on appeal. In construing Civ.R. 53, the Ohio Supreme Court has "held that the failure to file objections to the magistrate's decision under Civ.R. 53(E)(3)(b) constitutes the waiver of the right to appellate review 'of all but plain error.' "*Uretsky v. Uretsky,* 2003-Ohio-1455, ¶ 7. However, in appeals of civil cases, the plain error doctrine is not favored and may be applied only in extremely rare cases. *Id., ¶* 8, citing *Goldfuss v. Davidson,* 79 Ohio St.3d 116 (1997), syllabus.

{¶14}  "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson* (1997)*,* 79 Ohio St.3d 116, syllabus.  Plain error is obvious and prejudicial error, neither objected to nor affirmatively waived, that, if permitted, would have a material adverse effect on the character and

public confidence in judicial proceedings. *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 209 (1982); *Hinkle v. Cleveland Clinic Found*., 2024-Ohio-6853, ¶ 78 (8th Dist.); *Uretsky*, ¶ 8.

**{¶15}** Here, there is no dispute that Appellant failed to object to the magistrate's decision rejecting Appellant's version of its contract with Buretta on <u>two</u> separate occasions: first, when the Magistrate denied Appellant's own Motion for Summary Judgment, and second, when the Magistrate granted Buretta's Motion for Summary Judgment. Both Magistrate's Decisions explicitly notified the parties that to preserve any issues for appeal, the party must file written objections with specificity and in accordance with Civ.R. 53. Appellant did not take advantage of this opportunity. Thus, Appellant must demonstrate that the trial court committed plain error.[1]

## The trial court did not commit plain error

**{¶16}** Although Appellant asserts five (5) assignments of error, Appellant waived these specific arguments when it failed to properly object to either of the two Magistrate's Decisions rendered. Thus, this Court's analysis is limited to reviewing whether the trial court committed plain error. As set forth, to establish plain error an appellant must show that an error occurred; the error was plain or obvious; that absent the error the outcome of the proceeding would have been otherwise; and reversal is necessary "to correct a manifest miscarriage of justice." *State v. Watts,* 2024-Ohio- 3385, ¶ 21 (5th Dist.).

**{¶17}** Here, the trial court did not commit plain error in holding Appellant to the clear and unambiguous language of the contract that it drafted and signed. The trial court

---

[1] Although the trial court ruled on Motions for Summary Judgment and a court of appeals normally reviews said judgment de novo under Civ.R. 56(C); the standard of review in this appeal is plain error due to Appellant's failure to file objections to the Magistrate's Decisions as set forth above.

properly found that the parties' exclusive option to pursue any claim/action against each other is through mediation and arbitration, and even if arbitration was not the exclusive option, the 180-day time limitation applicable to *any* action or claim in any forum is valid and enforceable.

{¶18} R.C. 2711.01(A) provides that a provision in any written contract to settle by arbitration "a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract," shall be "valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." Ohio and federal courts recognize a strong presumption in favor of arbitration, such that arbitration is encouraged to settle disputes. *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 500 (1998); *Gerig v. Kahn*, 95 Ohio St.3d 478, 482 (2002). "In examining an arbitration clause, a court must bear in mind the strong presumption in favor of arbitrability and resolve all doubts in favor of arbitrability." *Neubrander v. Dean Witter Reynolds, Inc.*, 81 Ohio App.3d 308, 311 (1992); *accord Gibbons-Grable Co. v. Gilbane Building Co.*, 34 Ohio App.3d 170, 173 (8th Dist. 1986).

{¶19} Indeed, arbitration agreements are "simply contracts," so "the first question in any arbitration dispute must be: What have these parties agreed to?" *Tachi-S Eng'g U.S.A., Inc. v. Canoo Techs. Inc.,* 2025 WL 253046, at *2 (6th Cir.), citing *Coinbase, Inc. v. Suski*, 602 U.S. 143, 148 (2024). Written instruments "are to be interpreted so as to carry out the intent of the parties, as that intent is evidenced by the contractual language." *Mid-Ohio Coal Co. v. Brown,* 2018-Ohio-1934, ¶ 13 (5th Dist.), quoting *Skivolocki v. East Ohio Gas Co.*, 38 Ohio St.2d 244 (1974), paragraph one of syllabus.

{¶20} If the terms of the written instrument are clear and unambiguous, courts

must give the words their plain and ordinary meaning and may not create a new contract by finding the parties intended something not set forth in the written contract. *Porterfield v. Bruner Land Co., Inc*., 2017-Ohio-9045, ¶ 16 (7th Dist.), citing *Alexander v. Buckeye Pipe Line*, 53 Ohio St.2d 241, 246 (1978); *Saunier v. Stark Truss Co.,* 2016-Ohio-3162, ¶ 12 (5th Dist.); *Cincinnati Indemn. Co. v. Martin,* 85 Ohio St.3d 604, 607*; Zerby v. State Farm Auto. Ins. Co.*, 2003-Ohio-2722, ¶ 31 (5th Dist.) (stating a court must enforce the contract as written, giving words used in the contract their plain and ordinary meaning when examining an arbitration provision in insurance policy). "If there is doubt or ambiguity in the language of a contract, the document is to be construed strictly against the party who prepared it or selected its language, and in favor of the party who took no part in its preparation or in the selection of its language." *Brads v. First Baptist Church* (1993), 89 Ohio App.3d 328, 341.

{¶21} Here, Appellant drafted the Agreement and chose the details relating to the work relationship between Appellant, as general contractor, and Buretta, as subcontractor. Appellant and Buretta both signed the Agreement. Section 16 of the Agreement, titled "Alternative Dispute Resolution," is specific and mandates that "any dispute" must be resolved through mediation and arbitration. As stated above, that section provides:

**Alternate Dispute Resolution**: Any dispute arising under this agreement or a Project Agreement shall be subject to Mediation and Arbitration. Any party may initiate Arbitration with the American Arbitration Association within 180 days of presenting the other party with a written demand or claim. The failure to bring a claim within 180 days of providing the written demand,

shall constitute a waiver of the claim. The mediation and arbitration shall occur in the State of Ohio.

**{¶22}** The language clearly states: "[a]ny dispute arising under this agreement or a Project Agreement <u>shall be</u> subject to Mediation and Arbitration." (Emphasis added.) The plain meaning of the phrase "any dispute arising under this agreement or a Project Agreement" necessarily includes a dissatisfaction with Buretta's work performance, an alleged lack of performance by Buretta, and any resulting damages from Buretta's alleged breach. These claims arise from the very reason Appellant and Buretta entered into the Agreement, namely, to perform the framing work for the 24@Bloomfield Apartment Project. There is simply no ambiguity here no matter how much Appellant tries to create one. Thus, Appellant was required to bring its disputes against Buretta in accordance with the specific alternate dispute resolution provision. Although Appellant properly sent its demand letter and cites Section 16 of the Agreement in the letter, it never filed anything with the American Arbitration Association.[2]

**{¶23}** Section 16 further provides that a party's "failure to bring a claim within 180 days of providing the written demand, shall constitute a waiver of the claim." Again, this language clearly and unambiguously provides that once a party (either party) sends a demand letter to arbitrate a dispute, that party has 180 days to file its claim(s). If the party

___

[2] Had Appellant brought its claims against Buretta to the AAA and had Buretta failed to respond or submit to arbitration, R.C. 2711.03 provides the means for a party to compel another party to engage in arbitration. R.C. 2711.03(A) provides:

> The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction * * * The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement.

fails to do so, that failure "constitute[s] a waiver of the claim." We find the time limit valid and enforceable. See *Hoague v. Cottrill Servs., LLC,* 2024-Ohio-531, ¶ 36 (5th Dist.) (finding that the one-year time limitation to bring an action related to the subject matter of the contract barred Plaintiff's claims; said claims were untimely). Parties to a contract may agree to limit the time for bringing an action to a period less than provided by the relevant statute of limitations. *Id.* So long as the shortened period is reasonable and the contract language is clear and unambiguous, the provision may be enforceable. *Monreal Funeral Home, Inc. v. Farmers Ins. Co.*, 2010-Ohio-3805, ¶ 33 (11th Dist.) citing *Kraly v. Vannewkirk*, 69 Ohio St.3d 627, 632 (1994).

{¶24} Here, the provision does not require that the parties bring their claims within 180 days of a breach but rather, the 180-day period begins when a party submits a written demand to the other. Thus, the parties controlled their own time frame, the language is clear and unambiguous, and the time frame is reasonable. As a result, even if the Court accepted Appellant's argument that arbitration is not the exclusive option to pursue claims against each other, the Court must still apply the unambiguous waiver provision. By failing to pursue a claim against the Defendant *in any forum* within 180 days of its March 13, 2020, demand, Appellant waived its claims against the Defendant. This case is simply not one of the "extremely rare" cases involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process and requires reversal. *Schade,* at 209; *Uretsky*, ¶ 8.

{¶25} To the contrary, this case is simple. Section 16 of the Agreement is clear, unambiguous, and must be applied as written and in accordance with the plain meaning

of the words utilized by Appellant itself. Because Section 16 specifically addresses how disputes must be resolved and the specific time frame within which to do so, and because Appellant failed to abide by said terms, Appellant's claims against Buretta must fail. Accordingly, Appellant's first, second, third, fourth, and fifth assignments of error are overruled in their entirety.

## CONCLUSION

{¶26} For the reasons set forth above, the decision of the Ashland County Court of Common Pleas is AFFIRMED in its entirety. Appellant's first through fifth assignments or error are overruled.

{¶27} Costs to Appellant.

By: Montgomery, J.

Hoffman, P.J. and

Baldwin, J. concur.